# Ota P. Lightfoot, Appellee, v. Village of Evergreen Park, Appellant.

## Gen. No. 22,353.

1. MUNICIPAL CORPORATIONS, § 119*—*when power to remove village officers exists.* In the absence of anything in a statute to show a contrary intention, the power to remove village officers is incidental to the power to appoint.

2. MUNICIPAL CORPORATIONS, § 112*—*what is power of president of village board of trustees as to appointment of officers.* The provision in the Cities and Villages Act, art. XI, sec. 9 (J. & A. ¶ 1526), providing that the president of the board of trustees shall have the same powers as a mayor, is controlled by section 11 (J. & A. ¶ 1528), providing that the president and board of trustees may appoint the officers necessary to carry into effect the powers conferred upon vil-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lages, to prescribe their duties and fees, etc., and which places the power of appointment in the hands of the president and village board.

3. MUNICIPAL CORPORATIONS, § 119*—*what is authority of president of board of village trustees as to removal of officers.* The president of a board of village trustees possesses no more authority than any other trustee, even in the removal of officers appointed by him and the board.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed October 10, 1917.

ALFRED F. TOMPKINS, for appellant; EDGAR M. SINNOTT, of counsel.

HARFORD & LIGHTFOOT, for appellee; A. C. HARFORD, of counsel.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

The appellant seeks to reverse a judgment against it for $225, recovered by appellee for salary as village attorney. The record discloses that appellee was regularly appointed village attorney for the period of one year, and that thereafter the board of trustees passed a resolution dismissing him for an alleged failure to attend to certain legal matters. When this was brought to the notice of the president of the board, he stated that he had not discharged appellee, and instructed him to continue with his duties.

The Cities and Villages Act, art. XI, sec. 9 (J. & A. ¶ 1526), provides that the president of the board of trustees shall perform the duties and exercise the powers conferred upon the mayor of a city. Section 11 (J. & A. ¶ 1528) provides that the "president and board of trustees may appoint a clerk *pro tempore* * * * and such other officers as may be necessary

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to carry into effect the powers conferred upon villages, to prescribe their duties and fees,'' etc.   While there is no provision made in the statute in regard to the removal of village officers, the law of this State is that, in the absence of anything to show a contrary intention, the power to remove is incidental to the power to appoint.   (*People v. Higgins*, 15 Ill. 110.) The provision granting a village president the same power as a mayor is controlled by the provision already quoted, which places the power of appointment in the hands of the president and village board.   (*Mc-Kean v. Gauthier*, 132 Ill. App. 376.)

The village trustees in this case passed a resolution removing the appellant.   There is no proof that the president vetoed this resolution, if he had the power to do so.   We think there is nothing in the point that he did not affirmatively express concurrence in the passage of the resolution.   It has been held in this court, in *Rowley v. People*, 53 Ill. App. 298, and in *McKean v. Gauthier, supra,* that in matters of appointment, the president of a board possesses no more authority than does any other trustee, and by a parity of reasoning he stands in the same position with reference to the removal of village officers.

As the appellee appears regularly to have been removed from his office by the action of the properly constituted authorities, we are of the opinion that he is not entitled to recover the salary for the remaining portion of the time for which he was originally appointed.   For these reasons, the judgment of the Circuit Court is reversed and remanded.

*Reversed and remanded.*