People of State of Illinois ex rel. Glenn Cadell, Plaintiff-Appellant, v. Board of Fire and Police Commissioners of City of East St. Louis, Illinois, Adolph Touchette, John Maher, and Charles N. Walsh, Defendants-Appellees.

Term No. 51–O–6.

Opinion filed January 11, 1952. Released for publication February 13, 1952.

MELVIN W. TROTIER, of East St. Louis, for appellant.

CHARLES M. WHEALON, for appellees.

MR. JUSTICE BARDENS delivered the opinion of the court.

This is an action of mandamus against the defendants, Board of Fire and Police Commissioners of the City of East St. Louis, Illinois, and its members, to compel them to adopt rules and regulations providing that the personnel to be appointed to the office of "assistant chief" of the fire department of said city be selected and determined by ascertained merit and seniority in service and examination as prescribed in sections 4, 5, 8, and 9 of article 14, Revised Cities and Village Act, chapter 24, Illinois Revised Statutes 1949 [par. 14–4; Jones Ill. Stats. Ann. 21.1370].

Section 4, above cited, reads as follows:

"The board of fire and police commissioners shall appoint all officers and members of the fire and police departments of the municipality, including the chief of police and the chief of the fire department unless the council or board of trustees shall by ordinance as to them otherwise provide. All appointments to each department other than that of the lowest rank, however, shall be from the rank next below that to which the appointment is made, except that the chief of police and the chief of the fire department shall be appointed from among the members of the police and fire departments, respectively, regardless of rank, unless the council or board of trustees shall have by ordinance as to them otherwise provided."

The defendants answered that they were not required to include within their rules and regulations the assistant fire chief because the city council had adopted, and there was in full force and effect, an ordinance of said city, being ordinance No. 3036, chapter 5, article I, section 5–2.2, which provides that assistant fire chiefs and the secretary to the chief shall be appointed by the city council, subject to the approval of the Board of Fire and Police Commissioners. Petitioners' reply admitted the adoption of the ordinance, but alleged that said ordinance was invalid.

The case was heard in the lower court on a stipulation of facts, the only question before it being whether or not the city, under section 4 of article 14, above quoted, had power to reserve unto the city council the right to appoint the assistant fire chiefs of said city. The lower court held the city council had such power and entered judgment denying the relators' petition for the writ of mandamus. From this judgment the relators appealed.

In addition to the section of the ordinance above referred to, the City of East St. Louis has also in effect ordinance No. 3036, chapter 5, section 5–15, which reads as follows:

"It shall be the duty of the Assistant Fire Chief on duty, if in his power, to attend all fires happening in the city, and in the absence of the Fire Chief it shall be his duty to take charge of the work of the department, and he shall have and exercise the duties and powers of the Fire Chief. In case of the absence of both the Fire Chief and Assistant Fire Chief, at any fire, the Captains shall have and exercise the duties and powers of the Fire Chief in order of their arrival at the fire."

It is contended by defendants-appellees that this ordinance classifies the assistant fire chief in the same category as the fire chief; that it was the intention of the legislature to reserve to the city council the power to provide for the selection of any person or persons who were to have administrative duties in the fire department rather than just the single person designated as the chief. The plaintiff-appellant contends that the statute is plain and unambiguous and should be enforced as written and without enlarging the class of persons whom the city council may appoint.

All parties agree that the question before the court is to find the true intent of the legislature. A careful reading of the whole article 14 does not leave much doubt as to the objects and purposes sought to be obtained, viz.: to provide a method by which the personnel of the fire and police departments of a city could be taken out of the realm of political patronage and given a tenure that depended upon merit in order to encourage the applications and retention of qualified persons for the said departments. Thus, the legis-

lature has stated the public policy and the courts should be reluctant in allowing deviations therefrom.

We agree with the defendants that in granting to the city council the power to appoint the chief, one of the purposes of the legislature was to enable the council to formulate, promulgate, and carry out general policies of its administration. We do not agree with the defendants, however, that in order to accomplish this purpose the council must also have the power to appoint assistant chiefs. The chief as the head officer has the power to carry out policies, to issue commands and to enforce their execution. The assistant chief, as well as other personnel in the department, are subject to his lawful orders and even though given administrative powers of the chief in cases of his absence, are in no position to disobey or countermand such orders. Furthermore, enlarging the statutory exceptions by construing ''chief'' to include all persons who are granted administrative duties would enable the city council to thwart the purposes of the Act by assigning some administrative duties to many or all of the persons in the department.

The courts of this state have repeatedly held that a court cannot restrict or enlarge the meaning of an unambiguous statute. *People v. Fisher,* 373 Ill. 228, at 234; *Roth v. Kaptowsky,* 401 Ill. 424; *Smith v. Board of Education,* 405 Ill. 143. The courts have also held that: ''It is a fundamental principle of statutory construction that the enumeration of certain things in a statute implies the exclusion of all other things'' and: ''As a corollary of this rule it has been held that other exceptions than those designated by statute cannot be read into it under the rule expressio unius exclusio alterius.'' *In re Estate of Tilliski,* 390 Ill. 273, at 283. Section 4 of the article 14 above quoted is plain and unambiguous and designates only one exception, namely,

"chief" of the fire department. The lower court erred in refusing to grant the writ for the reason that the ordinance designated as section 5–2.2 of article I of chapter 5, being ordinance No. 3036, is invalid for lack of power in the city council to adopt such an ordinance.

The judgment of the lower court is reversed and the case is remanded to the lower court with directions to grant the writ.

*Judgment reversed and cause remanded with directions.*

CULBERTSON, P. J. and SCHEINEMAN, J., concur.