People of State of Illinois on the Relation of Edward J. Borzewski, Petitioner-Appellant, v. John Rayniak, Raymond Holtz and Coleman Denes, as Members of the Board of Fire and Police Commissioners of Village of Schiller Park, Illinois; Dominick Barzano, Stanley Chmielewski, Andrew Schmidt, Edward Marszalek, Herbert Bartman, Robert Held, as Members of the Board of Trustees of Village of Schiller Park, Illinois; Roy Johnson, Village Treasurer, Raymond J. Schalkowski, Village Clerk, Larry Moore, as President of Board of Trustees of Village of Schiller Park, and Village of Schiller Park, a Municipal Corporation, Respondents-Appellees.

Gen. No. 47,430.

First District, Second Division.

July 3, 1958.

Released for publication December 16, 1958.

Jacobson & Bluthardt, of Franklin Park, for petitioner-appellant.

Milton K. Joseph, of Chicago, for appellees.

JUSTICE KILEY delivered the opinion of the court.

This is a mandamus action seeking relator's reinstatement to the position of Village Marshal and payment of his salary from the date of his dismissal. The trial court upon the petition, answer and a stipulation of facts denied the writ and gave judgment for respondent's costs.

Relator was a "special member" of the Village police department from August 18, 1952, to August 17, 1953; and from August 17, 1953, until May 2, 1957, he served as Village Marshal. On that day he was succeeded as marshal by another person appointed by the Village Board. Relator on May 6, 1957, made a written demand for reinstatement and on October 14, 1957, filed suit.

The Village is a municipal corporation organized under the Cities and Villages Act (Ill. Rev. Stat.,

Chap. 24, Arts. 1–87). Under that Act the President and Board of Trustees were empowered, among other things, "voting jointly," to appoint the marshal (Art. 9, section 84), and to "pass and enforce all necessary police ordinances" (Art. 23, section 105).

April 19, 1957, the Village, by a referendum to its voters, adopted the provision of the Fire and Police Commissioners Act (Art. 14 [Ill. Rev. Stats. 1957, ch. 24, §§ 14—1 to 14—17]). Under its provisions (section 11 [Ill. Rev. Stats. 1957, ch. 24, § 14—11]) a Village Marshal who held the office for more than a year prior to the effective date of the Act in the Village cannot be removed and discharged except by the Board of Commissioners upon written charges and an opportunity to be heard by the Board. April 22, 1957, the President and Board passed an ordinance amending the Village code, chapter 2, entitled "The Police Department." This provided that the appointment of marshal "shall be in accordance with the provisions of the Act to provide for the appointment of a Board of Fire and Police Commissioners as amended."

May 1st, relator's successor was appointed by the President and Board of Trustees and the following day relator was relieved of his duties as marshal. May 6, 1957, prior to the effective date of the April 22 amendment, the President and Board passed another ordinance amending Chapter 2 of the Village Code, "The Police Department," and repealing the ordinance of April 22. This ordinance excepted the office of marshal from the method of appointment prescribed in "An Act to Provide For the Appointment of a Board of Fire and Police Commissioners." The ordinance provided that the office of marshal "shall" be filled by appointment of the President with "advice and consent" of the Village Board of Trustees. On May 13th, within the 30 day period after adoption of the Act, required by

419

Article 14, section 2, the President and Board appointed the members of the Fire and Police Commissioners Board.

 The question is whether the trial court properly denied the writ. The right to the writ must be clearly shown. People v. Blair, 292 Ill. 139, 144.

Article 14, section 4 [Ill. Rev. Stats. 1957, ch. 24, § 14—4], provides:

"The board of fire and police commissioners shall appoint all officers and members of the fire and police departments of the municipality, including the chief of police and the chief of the fire department unless the council otherwise provide."

In People ex rel. Cadell v. Board of Fire and Police Com'rs, 345 Ill. App. 415, 419, the court stated in referring to section 4 that one of the legislative purposes in granting the City Council the power to appoint the chief "was to enable the Council to formulate, promulgate, and carry out general policies of administration." We agree with defendants that as head of the Village police the marshal is "chief of police," and that this section was intended to give the Village the right to exclude the Village Marshal from the operation of the Act and not merely the power to control appointment only.

 The Village did exclude the office of marshal by ordinance passed May 6th and thereafter could discharge him without compliance with Article 14. However, the Village did not have the power to discharge relator before it passed that ordinance, because until excluded the Village Marshal was "subject to this article" and, therefore, the power of discharge was in the Board of Fire and Police Commissioners. (Art. 14, section 11.) Thus, since relator was entitled to the benefits of the Act on May 2nd, the Village had no

420

power to discharge him on that date. The fact that the Board had not yet been appointed does not militate against our conclusion since the benefits of the Act are not contingent upon the appointment of a board.

We conclude that relator was improperly discharged and that the trial court erred in denying the writ.

The judgment below is reversed and remanded with directions to issue a writ of mandamus commanding defendants to reinstate relator to the office of Village Marshal and pay him back salary due him. The trial court shall compute the amount of back salary due appellant by ascertaining the amount of the salary appropriated for the office of Village Marshal from the date of appellant's discharge, May 2, 1957, to the date of his reinstatement to that position by the Village. From this amount there shall be deducted the amount of the appropriation actually paid out to the successor of appellant, as a de facto officer, from May 2, 1957, the date of discharge, to July 3, 1958, the date of the judgment in this court determining appellant's right to reinstatement. The balance remaining shall be awarded to appellant. See People v. Thompson, 316 Ill. 11; Corbett v. City of Chicago, 391 Ill. 96; and People ex rel. Trapp v. Tanner, 19 Ill.App.2d 138.

Reversed and remanded with directions.

LEWE, P. J. and MURPHY, J., concur.