Justin Hulman, Commissioner of Savings and Loan Associations of the State of Illinois, Plaintiff-Appellee, v. Old Reliable Savings and Loan Association, a Corporation, Defendant-Appellee, Walter P. Murphy, Receiver, Petitioner-Appellant.

Gen. No. 53,638.

First District, Third Division.

October 2, 1969.

Sydney G. Craig and John I. Hentzel, of Chicago (Martin, Craig, Chester & Sonnenschein, of Chicago, of counsel), for appellant.

William J. Scott, Attorney General of State of Illinois, of Chicago (John J. O'Toole, Assistant Attorney General, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an interlocutory appeal taken pursuant to Supreme Court Rule 307 (a) (2) from an order of the trial court dismissing a petition for declaratory judgment and injunction. Walter P. Murphy, the statutory receiver of Old Reliable Savings and Loan Association, sought an order declaring that he was entitled to complete his duties as receiver and praying that Justin Hulman, Commissioner of Savings and Loan Associations of the State of Illinois, be restrained from removing or discharging him. The sole issue is whether the Commissioner of Savings and Loan Associations has the power to remove a statutory receiver whom he had appointed. The facts follow.

On August 6, 1966, Justin Hulman, Commissioner of Savings and Loan Associations (Commissioner), took custody of the Old Reliable Savings and Loan Association pursuant to section 7–8 of the Illinois Savings and Loan Act. Ill Rev Stats, c 32, § 848 (1967). The Commissioner determined that Old Reliable should be liquidated and on

September 15, 1966, he directed the Attorney General to file a complaint in equity for such liquidation. Ill Rev Stats, c 32, § 922 (1967). On October 7, 1966, the Commissioner appointed Walter P. Murphy as receiver for the purpose of liquidating Old Reliable. Murphy took possession of the books, records and assets of Old Reliable and commenced the work of winding up its affairs. He continued in his duties as receiver until November 11, 1968.

On November 4, 1968, Murphy filed a verified petition in the receivership proceedings summarizing his actions as receiver to that date and disclosing that the Commissioner, following several earlier requests, had made final demand for his resignation as receiver, threatening that in the absence of a voluntary resignation, he would remove Murphy. Murphy's petition stated that he had not complied with the Commissioner's request because he desired to complete his statutory duties as receiver and that he was of the opinion that he could not be removed except for cause. He prayed for a declaration that he was lawfully entitled to complete his statutory duties and for an injunction restraining the Commissioner from removing him and appointing a new receiver. On motion of the Commissioner, Murphy's petition was dismissed on November 8, 1968. On the same day the Commissioner filed notice before the court that he was removing Murphy as of November 11, 1968, and appointing in his place the Federal Savings and Loan Insurance Corporation. The sole issue on appeal is whether the Commissioner has the authority to remove a receiver against his will.

The regulation of savings and loan associations is governed by the Illinois Savings and Loan Act, which is patterned after the Illinois Banking Act and the Insurance Liquidation Act. People ex rel. Knight v. O'Brien, 40 Ill2d 354, 240 NE2d 686. Section 10-1 of the Savings and Loan Act provides that the Commissioner of Savings

and Loan Associations, after taking custody of an association and finding that one or more of the reasons for taking custody continue to exist, shall appoint a receiver for purposes of liquidation. Ill Rev Stats, c 32, § 921 (1967). The Act further provides that the Commissioner shall then direct the Attorney General to file a complaint in equity for the liquidation and dissolution of the association. Ill Rev Stats, c 32, § 922 (1967). The receiver is given broad powers to act under orders of court—inter alia, to sell property, borrow money, settle claims, collect payments on mortgages and home improvement loans, institute foreclosure proceedings on delinquent loans, arrange for FHA and VA refinancing of various properties, purchase equities in certain properties and make distributions. Unlike the Illinois Banking Act, which specifically provides that the Commissioner of Banks and Trust Companies may remove any receiver appointed by him (Ill Rev Stats, c 16½, § 162 (1967)), the Savings and Loan Act makes no such provisions and any assumption of such power would have to be by implication.

The Commissioner contends that the power to appoint carries with it the implied power to remove. He also argues that the recent case of People ex rel. Knight v. O'Brien, 40 Ill2d 354, 240 NE2d 686, has held that the supervising court is without authority to remove a receiver from office and that if we should now conclude that the Commissioner does not have such power of removal, a receiver could not be removed by anyone. That is not an uncommon situation in our body politic. Frequently a governor, mayor or board is given the power to appoint but not remove.

██ The statutory power to appoint does not, in the absence of an express provision, carry with it the power of removal. Field v. The People, 3 Ill 79; People v. Ridgley, 21 Ill 64; 9 CJS, Banks and Banking, § 496. In the Ridgley case the court considered an act providing for

the liquidation of the State Bank of Illinois. By that Act the Governor was given the power to appoint trustees to wind up the affairs of the bank, but not to remove them. The court held that the Governor did not have the authority to remove the trustees and stated that if anyone was injured by their maladministration, the court would hold the trustees responsible in an appropriate action.

 It is significant that although the Savings and Loan Act is patterned after the Banking Act, the Banking Act has an express provision empowering the Commissioner of Banks to remove any receiver appointed by him, but the Savings and Loan Act has no such provision. In enacting the Savings and Loan Act the legislature set out comprehensive provisions for the liquidation of savings and loan associations. It no doubt could have given the Commissioner the power of removal as it did in the Banking Act, but absent such a provision, it must be assumed that the legislature did not intend to do so.

The question then arises as to what remedy would exist if a receiver so appointed became incapacitated or otherwise neglected to perform his duties. There has been submitted to this court an opinion recently rendered by the United States Court of Appeals for the 7th Circuit in the case of Tcherepnin v. Kirby, Nos. 17171, 17234, 17235 (April Session 1969). The issue as stated by the court in that case was whether the District Court had abused its discretion in appointing federal receivers and enjoining the voluntary state liquidation procedure. The court went at length into what was called the "checkered history" of the institutions, involving material false and misleading statements in violation of the federal security laws. The court then said:

> "It is sufficient that in our view the record supports the conclusion of the district judge that the protection of federal interests in this suit for relief under

the securities laws required the appointment of federal receivers. As we stated in Securities and Exchange Com'n v. Keller Corp., 323 F2d 397, 403 (7th Cir 1963), a 'prima facie showing of fraud and mismanagement . . . is enough to call into play the equitable powers of the court' to appoint a receiver. Our judgment is reinforced by the fact that all parties who stand to benefit from the expeditious conclusion of City Savings affairs support the district court's order."

Petitioner has submitted the opinion as showing that there is a remedy for the removal of a receiver for cause. It is not relevant now as no such showing was made. The court's order dismissing Murphy's petition is reversed and the cause remanded for such other and further proceedings as are not inconsistent with the views herein expressed.

Order reversed and cause remanded with directions.

DEMPSEY, P. J. and McNAMARA, J., concur.