VIVIAN V. EDWARDS, Executor of the Estate of Charles Edwards, Deceased, Plaintiff-Appellee, *v.* THE CITY OF MARION *et al.,* Defendants-Appellants.

(No. 69-95;

Fifth District—December 28, 1970.

GOLDENHERSH, J., dissenting.

James W. Sanders, of Marion, for appellants.

Charles D. Winters and Harris & Lambert, of Marion, for appellees.

Mr. JUSTICE MORAN delivered the opinion of the court:

Charles Edwards brought this action for a declaratory judgment that he was illegally discharged as chief of police of the City of Marion, or in the alternative that he was illegally discharged as a member of the City of Marion Police Department, for the purpose of determining his right to pension benefits and recovering salary accrued from the date of his discharge. The trial court entered judgment that Edwards had been legally discharged as chief of police of the City of Marion by the city council, but that he had not been discharged as a member of the police department and that he was a duly appointed member of that department until the date of his death. All parties appeal.

Edwards was appointed chief of police by the Marion City Council on June 21, 1954. He had been a deputy sheriff and never held any position on the City of Marion Police Department other than chief of police. In 1957 the City of Marion became subject to the provisions of Article 14 of the Revised Cities and Villages Act known as the Fire and Police Commissioners Act (Ill. Rev. Stat. 1957, ch. 24, par. 14 *et seq.*, hereinafter referred to as "the Act".) Pursuant to the Act, the City Council appointed a board of fire and police commissioners on August 12, 1957. Thereafter, on June 30, 1959, the city council, acting under the authority granted by Section 4 of the Act, adopted Ordinance No. 372 providing that "the Chief of Police and the Chief of the Fire Department shall be appointed by the Council and said appointments need not be made from the members of the Police and Fire Departments respectively." On May 8, 1967, acting under the authority of this ordinance, the city council dismissed Edwards as chief of police. No charges were ever filed before the board of fire and police commissioners nor was any hearing held prior to his discharge as provided in Section 10—2.1—17 of the Act (Ill. Rev. Stat. 1967, ch. 24, par. 10—2.1—7.) Edwards died on October 21, 1968 and his widow, Vivian Edwards, as executor of his estate was substituted as plaintiff.

The relevant portions of Sections 10—2.1—4 and 10—2.1—17 provide:

"Fire and police departments—Appointment of members—Certificates of appointments. The board of fire and police commissioners shall appoint all officers and members of the fire and police departments of the municipality, including the chief of police and the chief of the fire department, unless the council or board of trustees shall by ordinance as to them otherwise provide; except that in any municipality which adopts or has adopted this Division 2.1 and also adopts or has adopted Article 5 of the Code, the chief of police and the chief of the fire department shall be appointed by the municipal manager, if it is provided by ordinance in such municipality that such chiefs, or either

of them, shall not be appointed by the board of fire and police commissioners.

If a member of the department is appointed Chief of Police or Chief of the Fire Department prior to being eligible to retire on pension he shall be considered as on furlough from the rank he held immediately prior to his appointment as chief. If he resigns as Chief or is discharged as Chief prior to attaining eligibility to retire on pension, he shall revert to and be established in such prior rank, and thereafter be entitled to all the benefits and emoluments of such prior rank, without regard as to whether a vacancy then exists in such rank.

All appointments to each department other than that of the lowest rank, however, shall be from the rank next below that to which the appointment is made, except that the chief of police and the chief of the fire department may be appointed from among members of the police and fire departments, respectively, regardless of rank, unless the council or board of trustees shall have by ordinance as to them otherwise provided." Ill. Rev. Stat. 1967, ch. 24, par. 10—2.1—4.

"Removal or discharge—Investigation of charges—Retirement. Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay. The board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days. If the Board of Fire and Police Commissioners determines that the charges are not sustained, the officer or member shall be reimbursed for all wages and testimony of witnesses and the production of books and papers relevant to the hearing." Ill. Rev. Stat. 1967, ch. 24, par. 10—2.1—17.

The essence of the judgment of the trial court was that Edwards, having held the position of chief of police for more than one year prior to the time the City of Marion was subject to the provisions of the Fire and Police Commission Act (Ill. Rev. Stat. 1957, ch. 24, par. 14 *et seq.*), was blanketed into office on the date the Act became effective and was thereafter entitled to its provisions (Ill. Rev. Stat. 1957, ch. 24, par. 14—11; *People ex rel. Siegal v. Rogers*, 397 Ill. 187); that by virtue of his appointment as chief of police of the City of Marion, Edwards was also a member of the police department of that city; that Ordinance No. 372 adopted

on June 30, 1959 reserved to the city council the power to appoint and discharge the chief of police, but only as the chief of police and not as a member of the police department; that the power to remove Edwards as a member of the police department was vested only in the board of fire and police commissioners in accordance with the provisions of Section 10—2.1—17 of the Act; and that upon Edwards' discharge as chief of police by the city council he remained a member of that police department until the date of his death on October 21, 1968, since he had never been discharged as a member of the department pursuant to the provisions of section 10—2.1—17.

The cardinal rule in the interpretation and construction of statutes is that the legislative intention should be ascertained and given effect. This is done primarily from a consideration of the legislative language itself which affords the best means of its exposition and if the legislative intent can be ascertained therefrom, it must prevail and be given effect. The words employed in a statute should be given their plain and ordinary or commonly accepted or popular meaning, unless to do so would defeat the legislative intent. *Droste v. Kerner,* 34 Ill.2d 495.

Section 10—2.1—17 provides that: *"No officer or member* of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged," except in the manner provided. Emphasis added.

■■ Initially, the issue is whether the chief of police is an "officer or member" of the police department within the meaning of that phrase as it is used in Sections 10—2.1—4 and 10—2.1—17. The first sentence of Section 10—2.1—4 states that the board of fire and police commissioners shall appoint all officers and members "including the chief of police and the chief of the fire department" indicating that the chiefs of those departments are either officers or members. In Division 3 of the Act setting the salary of policemen, "policeman" is defined as "any member of a regularly constituted police department of any municipality sworn and commissioned to perform police duties and *includes the chief of police* * * *. Emphasis added. Finally, the ordinance which established the police department of the City of Marion in 1929 provides that the department "shall consist of such officers of the city as are by law clothed with police powers, *a chief of police,* a traffic patrolman, two police officers and such other police officers as the City Council shall from time to time by ordinance or resolution prescribe." Emphasis added. We conclude, therefore, that the chief of police is an "officer or member" of the police department, covered by the provisions of the Fire and Police Commissioners Act unless otherwise excluded by the terms of the Act.

■■■ The plain meaning of section 10—2.1—17 is that no officer or

member of a police department subject to the provisions of the Act may be discharged except in accordance with those provisions and any discharge not in accordance with those provisions is ineffective. In 1957, when the City of Marion became subject to the Act, Edwards had held his position for more than one year as chief of police, and thus as a member of the department, so that, on the effective date of the Act, he was blanketed into office and was entitled to all the provisions of the Act, including Section 10—2.1—17. *People ex rel. Siegal v. Rogers, supra,* Ill. Rev. Stat. 1957, ch. 24, par. 14—11.

■■ Since the city council did not comply with the provisions of section 10—2.1—17, their attempted discharge of Edwards as a member of the police department of the City of Marion was ineffective and he remained a member of that department until the date of his death.

The issue remains whether the clause "unless the council or board of trustees shall by ordinance as to them (chief of police) otherwise provide" in section 10—2.1—4 grants to the city council the authority to exclude the chief of police by ordinance only from the power of appointment by the board of fire and police commissioners pursuant to section 10—2.1—4 or from the power and manner of discharge provided in section 10—2.1—17 as well.

Plaintiff contends that the city council was without authority to discharge Edwards as chief of police because the power of discharge was vested in the board of fire and police commissioners under section 10—2.1—17 (Ill. Rev. Stat. 1967, ch. 24, par. 10—2.1—17), and could only be exercised in accordance with the procedure set forth in that section. Defendants contend that the power to discharge the chief of police is incidental to the power to appoint, which is delegated to the board of fire and police commissioners unless otherwise provided by the city council (Ill. Rev. Stat. 1967, ch. 24, par. 10—2.1—4), and that the city council has otherwise provided by the ordinance passed on June 30, 1959.

As we have previously indicated, the cardinal rule in the interpretation and construction of statutes is that the legislative intention should be ascertained and given effect, and this is done primarily from the plain meaning of the statutory language unless to do so would defeat the legislative intent.

■■ Section 10—2.1—17 provides that "*except as hereinafter provided, no officer or member* of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged," except for cause, upon written charges, and after an opportunity to be heard in his own defense. The plain meaning of this language is that *no officer or member* of a police department subject to the provisions of the act may

be discharged except in the manner provided. Any discharge not in accordance with these provisions is ineffective. We have already concluded that the chief of police is an officer or member within the meaning of that phrase and it is obvious that there is no subsequent language in section 10—2.1—17 excluding or permitting the city council to exclude the chief of police from the operation of this section.

■■ Furthermore, the exclusionary clause in Section 10—2.1—4 relied upon by defendants is a proviso in that it permits the exclusion of the chief of police from the power of appointment granted to the board of fire and police commissioners contained in the enacting clause. Ordinarily, the grammatical and logical scope of the proviso would confine it to the subject matter of the provision to which it is attached unless it appears that the legislative intent was that the proviso be extended to other provisions of the statute or construed as a substantive act in itself. *Anderson v. City of Park Ridge*, 396 Ill. 235.

The proviso "unless the council * * * shall by ordinance as to (the chief of police) otherwise provide" modifies the section authorizing the board of fire and police commissioners to appoint all officers and members of the fire and police departments including the chiefs of those departments. This section is entitled "Fire and Police Departments—Appointment of Members—Certificates of Appointments." The power and manner of discharge is provided separately in Section 10—2.1—17 entitled "Removal or Discharge—Investigation of Charges—Retirement," wherein there is no proviso that the chief of police may be excluded from the operation of the section corresponding to the proviso in section 10—2.1—4.

Finally, it has been stated that the purpose of the Fire and Police Commissioners Act was to provide a method by which the personnel of the fire and police departments could be taken out of the realm of political patronage and given a tenure that depended upon merit in order to encourage the application and retention of qualified persons for those departments. (*People ex rel. Cadell v. Board of Fire and Police Commissioners*, 345 Ill.App. 415.) There is no persuasive reason that this policy is not as applicable to the position of chief of police as to all other officers and members.

Since the powers of appointment and discharge are provided in separate sections and the proviso authorizing the exclusion of the chief of police is attached only to the section provided for appointment, and since there is no indication in the language of thet proviso that it was intended as a separate enabling statute to provide for excluding the chief of police from the power of the board of fire and police commissioners as to appointment and discharge, we conclude that the proviso

of Section 10—2.1—4 authorized the city council to exclude the chief of police from the power of the board of fire and police commissioners only as to appointment.

Defendants argue that the power of appointment implies the power to discharge so that the proviso in Section 10—2.1—4 authorizes the city council to exclude the chief of police from the operation of the act both as to appointment and discharge. In *People ex rel. Cadell v. Board of Fire and Police Commissioners, supra,* the court stated that one of the purposes of granting to the city council the power to appoint the chiefs of the fire and police departments was to enable the council to formulate, promulgate and carry out the general policies of its administration. Defendants contend that this purpose would be frustrated if the power to appoint the chief of police granted in section 10—2.1—4 does not impliedly include the power to discharge, and they rely on certain dictum in *People ex rel. Borzewski v. Rayniak,* 19 Ill.App.2d 417, that section 10—2.1—4 "was intended to give the village the right to exclude the village marshall (chief of police) from the operation of the Act and not merely to control appointment only." Defendants also rely on *Lightfoot v. Village of Evergreen Park,* 207 Ill.App.411, which approved the dismissal of a village attorney pursuant to a grant of authority to the president and board of trustees to appoint certain officers, wherein it was stated at 413:

"While there is no provision made in the statute in regard to the removal of village officers, the law of this state is that, in the absence of anything to show a contrary intention, the power to remove is incidental to the power to appoint."

As we have already indicated, we believe that the structure and language of these sections negate the construction that the power to discharge is incidental to the power to appoint.

With respect to the argument that the purpose of the Act enabling the city council to appoint the chiefs of the police and fire departments will be frustrated, we believe that if the legislature intended to grant the city council the power to exclude the chiefs of these departments from all the provisions of the Act or from the provisions as to appointment and discharge and not only as to power of appointment, it would have expressly so provided. This does not mean that the chief of police may not be discharged, but only that the discharge must be carried out in accordance with the provisions of section 10—2.1—17; nor does this conclusion lead to inconsistency since the power of appointment often does not include the power to discharge. *Hulman v. Old Reliable Savings and Loan Association,* 115 Ill.App.2d 313.

On May 16, 1967 Edwards had held his position for more than one year

as Chief of Police. When the City of Marion became subject to the Act he was blanketed into office in that position and was entitled to all the provisions of the Act, including section 10—2.1—17 (*People ex rel. Siegal v. Rogers, supra.*). Since the city council did not comply with the provisions of Section 10—2.1—17, their attempted discharge of Edwards as chief of police of the City of Marion was ineffective and he must be considered to have held that position until the date of his death.

For the foregoing reasons, that part of the judgment of the Circuit Court of Williamson County holding that Charles Edwards was not discharged as a member of the City of Marion Police Department is affirmed, that part holding that Edwards was discharged as chief of police is reversed, and this cause is remanded to the Circuit Court of Williamson County for proceedings not inconsistent with this opinion.

Judgment affirmed in part, reversed in part and remanded.

EBERSPACHER, J., concurs.

Mr. JUSTICE GOLDENHERSH dissenting:

I respectfully dissent from that portion of the opinion which holds that the city council did not have the power to remove Edwards as chief of police of the City of Marion.