VIVIAN EDWARDS, Plaintiff-Appellee, *v.* THE BOARD OF TRUSTEES OF POLICE PENSION FUND OF THE CITY OF MARION, Defendant-Appellant.

(No. 73-413; )

Fifth District—September 19, 1974.

James W. Sanders, of Marion, for appellant.

Harris and Lambert and Charles D. Winters, both of Marion, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The plaintiff-appellee, Vivian Edwards, filed an amended petition with the defendant-appellant, Board of Trustees of the Police Pension Fund of the City of Marion, seeking a pension therefrom due to the disability and death of plaintiff's husband, Charles Edwards. The defendant Board of Trustees voted to deny plaintiff's amended petition. The plaintiff perfected an appeal to the circuit court of Williamson County which reversed the decision of the defendant Board of Trustees, remanded the cause to the defendant Board of Trustees, and ordered, among other things, the defendant Board of Trustees to "conduct a fair and impartial hearing on the amended petition * * * at the next regularly designated meeting of said Board * * *." Subsequently, the defendant Board of Trustees conducted a hearing on plaintiff's amended petition and issued its decision denying the amended petition. The plaintiff perfected a second appeal to the circuit court of Williamson County which entered a judgment reversing the decision of the defendant Board of Trustees and ordered the defendant Board of Trustees to grant the pension requested by the plaintiff. This appeal followed.

The defendant Board of Trustees bases this appeal on two arguments. First, that Charles Edwards, plaintiff's husband, failed to meet all the requirements established by the statute creating the pension fund and, therefore, the plaintiff is ineligible for a pension. And secondly, that the defendant Board of Trustees has the power and authority to determine whether a person is eligible for a pension and the courts should not substitute their judgment or discretion for that of the Board.

Before the preceding arguments can be considered it becomes necessary to review the events which have transpired prior to this appeal.

Charles Edwards was appointed chief of police of the City of Marion on June 21, 1954. On July 1, 1954, the City of Marion established a policeman's pension fund pursuant to the act concerning police pension funds (Ill. Rev. Stat. 1953, ch. 24, par. 892 et seq.) Charles Edwards did not contribute to the policeman's pension fund until April 15, 1962.

On May 8, 1967, the city council attempted to dismiss Charles Edwards. As a result thereof Charles Edwards made no further contributions to the policeman's pension fund after May 8, 1967. On May 9, 1967, Charles Edwards requested in writing a refund of his contributions to the fund. A refund was granted to Charles Edwards by the defendant Board of Trustees on May 10, 1967. At a special meeting of the defendant Board of Trustees held on June 14, 1967, the following notation was included in the minutes, "It is noted that Mr. Charles Edwards, ex-Chief of Police, withdrew the money he had put into the Police Pension Fund in the amount of $2120.41" Ron Odum, a member of the defen-

dant Board of Trustees, testified that he had called a meeting and with other members of the Board, "Diz" Carlton and John Kelley, present it was voted to give Charles Edwards the refund he had requested.

On October 16, 1968, Charles Edwards applied for a disability pension in which he certified that he was totally and permanently physically disabled. Charles Edwards died on October 20, 1968.

On December 30, 1968, the plaintiff filed a petition requesting a pension due to the disability and death of her husband, Charles Edwards. Therein plaintiff offered to tender repayment of the refund withdrawn by Charles Edwards from the policeman's pension fund prior to his death with interest at the rate of 2 percent per annum from the date of such refund. The defendant Board of Trustees denied plaintiff's petition without a hearing.

In December, 1970, this court held that Charles Edwards was never properly discharged as chief of police of the City of Marion and, therefore, Charles Edwards was chief of police until the time of his death, October 20, 1968. (*Edwards v. City of Marion*, 130 Ill.App.2d 895, 266 N.E.2d 491.) On June 1, 1971, the plaintiff filed an amended petition with the Board requesting a pension and offered to return the refund paid her husband with 2 percent interest per annum from the date of such refund *and* to pay contributions which her husband had neglected to make prior to his participation in the fund. On June 19, 1971, the defendant Board of Trustees denied plaintiff's amended petition without a hearing. The trial court reversed the Board's ruling and remanded for a "fair and impartial hearing." The defendant Board of Trustees, after holding a hearing, again denied plaintiff's amended petition. The trial court on administrative review reversed and ordered the defendant Board of Trustees to accept plaintiff's tender of payment and to grant a pension. The defendant Board of Trustees perfected this appeal therefrom.

■■ The applicable law under the Policeman's Pension Fund Act is determined as of the date of retirement or, as in this case, the date of the death of the policeman. (*Olds v. DeMarco*, 94 Ill.App.2d 443, 237 N.E.2d 354; *Blough v. Ekstrom*, 14 Ill.App.2d 153, 144 N.E.2d 436.) Since Charles Edwards died on October 20, 1968, this action is governed by the Illinois Pension Code (Ill. Rev. Stat. 1967, ch. 108½, par. 3—101 *et seq.*).

One of the defendant Board of Trustees' contentions is that Charles Edwards failed to meet the requirements established by the Illinois Pension Code (Ill. Rev. Stat. 1967, ch. 108½, par. 3—101 *et seq.*). One section specifically relied upon by the defendant Board of Trustees is section 3—124 of the Act which provides in part that:

"If a policeman is separated from the police service after June 30, 1953, but before he has served 20 years, all contributions made by him to the police pension funds shall, upon his request, be refunded to him.

Acceptance of a refund shall bar the policeman and his dependents from any further participation in the benefits of this Article subject to restoration upon re-entry into service and repayment to the fund of the refund plus interest at 2% per annum from the date of the refund until the date of repayment." (Ill. Rev. Stat. 1967, ch. 108½, par. 3—124.)

The plaintiff concedes that Charles Edwards requested a refund, was granted a refund, and thereby he, Charles Edwards, withdrew all of his contributions from the fund. There is no evidence in the record to indicate that Charles Edwards during his lifetime made any attempt or effort to repay the refund to the funds. The defendant Board of Trustees argues that since Charles Edwards "by his own voluntary action" withdrew his contributions to the fund he should "be barred, himself and his dependents from any pension benefits" pursuant to the above statute.

The plaintiff, on the other hand, contends that the defendant Board of Trustees was without "the power" to grant such refund because Charles Edwards was not "separated from the police service" since this court, more than three years later, held that Charles Edwards was never properly discharged, and, therefore, was chief of police until the time of his death. (*Edwards v. City of Marion*, 130 Ill.App.2d 895, 266 N.E.2d 491.) The plaintiff further contends that since the defendant Board of Trustees "could not legally make that refund" the plaintiff is not barred by Charles Edwards' acceptance of the refund. The thrust of the plaintiff's argument is that the above statutes should be interpreted in such a manner as to render inoperative the provision barring recovery of one who accepts a refund unless the refund was granted within the express terms of the statute.

While the statute is to be given a liberal construction to effect its purpose and the object to be accomplished, we are unable to agree with plaintiff's proposed interpretation. In construing this statute it is the duty of this court to enforce the pension law as enacted, according to its plain and unmistakable provisions. (*Stiles v. Board of Trustees*, 281 Ill. 636, 118 N.E. 202.) We must, therefore,

"* * * seek the construction of statutory language in the usual, popular meaning attaching to the words used, unless the spirit and the purpose of the act, as shown by its provisions, enlarges or alters that meaning, and that the plain and obvious meaning of the Language used by the Legislature is the safest guide to fol-

low in construing any act: *Svithiod Singing Club v. McKibben* (1942), 381 Ill. 194." *Blough v. Ekstrom*, 14 Ill.App.2d 153, 162-163.

We believe that the plain meaning of the statute is evident from the language employed therein: "Acceptance of a refund shall bar the policeman and his dependents from any participation in the benefits * * *." (Ill. Rev. Stat. 1967, ch. 108½, par. 3—124.) To hold otherwise would circumvent both the plain language of the statute and the obvious intent of the legislature. We have, of course, no legislative power and may not engraft into statutory provisions conditions in addition to those which the legislature deemed appropriate. The legislature provided that the only condition precedent to the barring of a policeman's right to participate in the fund is the policeman's acceptance of a refund. The statute does provide that the bar to participation by acceptance of refund is not absolute and is subject to restoration, however, the plaintiff does not contend that she can come within the restoration provision, contained in the second paragraph of section 3—124. There, of course, can be no re-entry into service where there has never been a separation.

■■ Plaintiff contends the refund was unauthorized by statute even though requested by Charles Edwards: that there are four conditions that must be met before the Board had any power to make the refund, namely, (1) the policeman must be separated from the service, (2) after June 30, 1953, (3) before he has served 20 years and (4) the policeman must request the refund. It is conceded by both parties that the last three conditions have been met, but plaintiff contends the first (separation) had not occurred in view of our opinion in *Edwards v. City of Marion*. While we agree that Edwards was not separated by the language of our opinion, it is obvious that Edwards by acceptance of the refund made at his request has waived the requirement of separation from the force.

■■ A reading of the record discloses that there is evidence to support the order of the Police Board and under such circumstances the trial court should not have reversed on administrative review. Since the trial court must be reversed, and the plaintiff barred by the provisions of section 3—124, we do not consider the contentions of the parties with reference to section 3—109(c) and plaintiff's tender of funds in lieu of salary payments or deductions from July 1, 1954, to April 15, 1962.

We therefore reverse the judgment of the circuit court of Williamson County and affirm the order of the Board of Trustees of the Police Pension Fund of the City of Marion.

CARTER, J., concurs.

Mr. PRESIDING JUSTICE GEORGE J. MORAN dissenting:

I do not agree with the majority that under the circumstances of this case, the acceptance of the refund by Edwards constituted a waiver of the statutory requirement of separation from the force.