CHARLES W. MACALUSO, Plaintiff-Appellant, *v.* VALLIE WEST *et al.*, Members of the Board of County Commissioners of the County of Perry, *et al.*, Defendants-Appellees.

Fifth District   No. 75-493

Opinion filed July 22, 1976.

KARNS, P. J., and G. J. MORAN, J., took no part.

Richard E. White, of Murphysboro, for appellant.

Michael K. Grabowski, State's Attorney, of Pinckneyville (William B. Starnes, Assistant State's Attorney, of counsel), for appellees.

PER CURIAM:

Plaintiff, Charles W. Macaluso, was appointed to a 4-year term as Supervisor of Assessment of Perry County by the County Board of Commissioners on November 12, 1970. On April 29, 1974, the County Board passed an ordinance suspending plaintiff from office without pay for 30 days and scheduled a hearing to be held on the matter on May 29, 1974. On May 17, 1974, plaintiff filed a complaint in three counts seeking relief from the action taken by the County Board and prohibiting any further action in the matter by the County Board. The members of the County Board, defendants herein, filed a motion to dismiss the complaint on June 18, 1974; and, on August 29, 1975, the complaint was dismissed.

The hearing which had been scheduled by the County Board was never held. Apparently plaintiff remained out of office for the remainder of his term, and he was not reappointed at the end of that term.

The first count of plaintiff's complaint requested temporary and permanent injunctive relief prohibiting the hearing scheduled for May 29, 1974, restoring plaintiff to his official position, and prohibiting defendants from interfering with plaintiff's performance of his official duties. The second count of the complaint requested relief by way of a declaratory judgment that defendants were without authority to remove or suspend plaintiff or to hold a hearing on the matter. The third count requested the court to issue a writ of mandamus ordering defendants to restore plaintiff to office, to refrain from interfering with plaintiff's exercise of his official duties, and to refrain from holding the scheduled hearing. Each of the three counts contained an allegation that plaintiff had at all times properly performed his official duties.

Since plaintiff's term of office expired in November of 1974 and he was not reappointed, no relief can now be granted plaintiff under the first and third counts of the complaint. The issues involved with those two counts are, therefore, moot and need not be discussed in this opinion. *People ex rel. Morris v. Pettow,* 243 Ill. App. 142; *Campbell v. Wilbon,* 6 Ill. App. 3d 592, 285 N.E.2d 531 (abstract opinion).

■■ The second count of plaintiff's complaint, on the other hand, does involve a viable issue. If plaintiff was *wrongfully ousted from his position*

as Supervisor of Assessments, he has a claim for salary lost during the time of the ouster. Furthermore, as will be discussed hereinafter, whether plaintiff had a right to retain his office during the term of his appointment, and be compensated therefor, and whether defendants had the authority to remove or suspend plaintiff from office during the term are matters that can be settled only by a determination of the applicability and effect of certain statutory provisions. A determination of such matters is a proper subject for a declaratory judgment action. Ill. Rev. Stat. 1973, ch. 110, par. 57.1(1); *Farm to Market Truckers Association, Inc. v. Perrine*, 21 Ill. App. 2d 118, 157 N.E.2d 279 (abstract opinion); 26 C.J.S. *Declaratory Judgments* §45 (1956).

■■■ In the absence of a provision in the Constitution to the contrary, the removal or suspension of a public officer, whether elected or appointed, is generally considered a subject within the control of the legislature, which can designate the grounds for and the mode of suspension or removal. *(Donahue v. County of Will*, 100 Ill. 94; *People ex rel. Akin v. Kipley*, 171 Ill. 44, 49 N.E. 229; 4 McQuillan on Municipal Corporations §12.229 (3d ed. 1968); 63 Am. Jur. 2d *Public Officers and Employees* §178 (1972); 20 C.J.S. *Counties* §108a (1940).) In the absence of a controlling statute, an officer appointed, or elected by a board or council to an indefinite term holds his office at the will of the appointing or electing authority, since the power of suspension or removal in such cases is usually regarded as incident to the power of appointment or election. *(People ex rel. Stevenson v. Higgins*, 15 Ill. 110; *Lightfoot v. Village of Evergreen Park*, 207 Ill. App. 411; 4 McQuillan, Municipal Corporations §§12.229b and 12.249 (3d ed. 1968); 63 Am. Jur. 2d *Public Officers and Employees* §§179 and 180 (1972); 20 C.J.S. *Counties* §108b (1940); 67 C.J.S. *Officers* §59b(2) (1950); contra, *Field v. People ex rel. McClernand*, 3 Ill. (2 Scam.) 79.) However, when a statute provides for the officer to hold office for a definite term, he can be suspended or removed only for cause. *(People ex rel. Post v. Healy*, 231 Ill. 629, 83 N.E.453; 4 McQuillan, Municipal Corporations §§12.230a and 12.232 (3d ed. 1968); 63 Am. Jur. 2d *Public Officers and Employees* §179 (1972); 20 C.J.S. *Counties* §108b (1940); 67 C.J.S. *Officers* §60a (1950).) Moreover, when a statute specifies certain grounds as constituting cause for suspension or removal and provides for suspension or removal by a particular method, the enumerated grounds are the exclusive grounds which can constitute cause (4 McQuillan, Municipal Corporations §12.234 (3d ed. 1968); 63 Am. Jur. 2d *Public Officers and Employees* §189 (1972); 20 C.J.S. *Counties* §108 c(1) (1940); 67 C.J.S. *Officers* §60a (1950)) and the specified method is the only method by which a public officer can be suspended or removed. *People ex rel. Iddings v. Dreher*, 302 Ill. 50, 134 N.E.22; *Edwards v. City of Marion*, 130 Ill. App. 2d 895, 266 N.E.2d 491;

20 C.J.S. *Counties* §108d (1940); 67 C.J.S. *Officers* §64 (1950); see 4 McQuillan, Municipal Corporations §12.255 (3d ed. 1968); 63 Am. Jur. 2d *Public Officers and Employees* §207 (1972).

Article VII, section 4 (c), of the Illinois Constitution of 1970, provides that each county "may elect or appoint a[n] * * * assessor * * * as provided by law or by county ordinance." The Constitution does not specifically fix the length of the term of office of an assessor, but merely provides that any elective office shall be for a term of four years and that "[o]ffices other than sheriff, county clerk and treasurer may be eliminated and the terms of office and manner of selection changed by law." (Ill. Const. 1970, art. VII, §4(c).) Furthermore, the Constitution does not contain a provision governing the suspension or removal of an assessor. It is thus within the authority of the Illinois legislature to determine the method of selecting the county assessor, whether by election or by appointment; and, if selection is by appointment, then the legislature can determine the length of the term of office. It is also within the authority of the legislature to provide for the manner of and grounds for removal of an assessor.

Under section 3a of the Revenue Act of 1939, as it was in effect at the beginning of plaintiff's term of office, at the time of his suspension from office, and at the time his term expired, the office of assessor in counties such as Perry County was an appointive office and an office for a definite term. Section 3a of the Revenue Act provided in part:

> "In counties containing less than 1,000,000 inhabitants and not having an elected board of assessors, the office of supervisor of assessments or county assessor, shall be filled by appointment by the county board, as herein provided. * * *
>
> The term of office shall be 4 years from the date of appointment and until a successor is appointed and qualified." (Ill. Rev. Stat. 1971, ch. 120, par. 484a, codifying the amendment of former section 484a by P.A. 76—2254, §1, eff. July 1, 1970.)

Removal of an assessor from office was and is provided for under sections 322 through 324 of the Revenue Act. (Ill. Rev. Stat., ch. 120, pars. 803-805.) Under section 322 of the Revenue Act, an assessor "shall" be removed from office by "the judge of the court before whom he is tried and convicted" in a criminal case, of refusing or knowingly or wilfully neglecting "any duty required of him by law" or of consenting to or conniving at "any evasion of" the Revenue Act whereby any property is unlawfully exempted or improperly valuated. (Ill. Rev. Stat., ch. 120, par. 803.) Under sections 323 and 324 of the Revenue Act, an assessor "may be removed from his office at the discretion of the court" if he is found liable in a civil action based upon similar acts of nonfeasance, malfeasance, or misfeasance and brought on behalf of the People of the

State of Illinois (section 323) or on behalf of a person individually interested in the matter (section 324). (Ill. Rev. Stat., ch. 120, pars. 804 and 805.) There is no provision in the Revenue Act for the removal of an assessor by the county board. Furthermore, the parties in the instant case have not drawn our attention to any other statute which might provide for the removal of an assessor by the county board.

■■ In *People ex rel. Iddings v. Dreher,* a case markably similar to the instant case, but not cited by either side in the instant case, the council of Atlanta, Illinois, had passed a resolution removing the mayor of Atlanta, Iddings, from office. Iddings petitioned the Illinois Supreme Court for a writ of mandamus commanding the members of the Atlanta city council to permit Iddings to perform his official duties without interference. Section 14 of article 2 of the Cities and Villages Act, then in effect, provided:

> "In case the mayor or any other municipal officer shall at any time be guilty of a palpable omission of duty, or shall wilfully and corruptly be guilty of oppression, malconduct or misfeasance in the discharge of the duties of his office he shall be liable to indictment in any court of competent jurisdiction, and, on conviction, shall be fined in a sum not exceeding $1000; and the court in which such conviction shall be had shall enter an order removing such officer from office." (Ill. Rev. Stat. 1917, ch. 24, par. 27.)

Based upon that statute the Supreme Court held that the city council was without authority to remove the Atlanta mayor from office and issued the writ of mandamus. The court stated:

> "It is evident from these provisions of the act that the legislature has not conferred upon the city council authority to remove a mayor from office but has provided the means by which such removal may be secured. There is no prohibition or limitation in the constitution of this State on the power of the legislature to prescribe the means by which officers, other than judicial officers, below the grade of State officers may be removed from office. That power, therefore, rests entirely in the hands of the legislature. *(Donahue v. County of Will,* 100 Ill. 94.) The legislature has prescribed the means by which a mayor may be removed from office, and in so doing has given the city council no express powers concerning such a motion. In view of the fact that such removal is provided for by statute it cannot be said that the power of removal is one necessarily incident to the express powers given the city council. We are of the opinion, therefore, that the city council is without authority to remove a mayor from office." 302 Ill. 50, 56, 134 N.E. 22, 24.

In light of *Dreher* and the other authorities cited above, we conclude that defendants were without authority to suspend or remove plaintiff from office. The trial court's order of August 29, 1974, dismissing plaintiff's complaint is affirmed as to the first and third counts of the complaint but reversed and remanded as to the second count for further proceedings consistent with this opinion.

Affirmed in part; reversed and remanded in part.

KARNS, P. J., and G. J. MORAN, J., took no part in the consideration or decision of this case.