(No. 57711.—

THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* J. MICHAEL FITZSIMMONS, Appellant, v. LESTER R. SWAILES, Appellee.

*Opinion filed March 23, 1984.—Rehearing denied June 4, 1984.*

MORAN, J., took no part.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (George J. Sotos, Assistant State's Attorney, and Joan M. Brady, of counsel), for appellant.

Daniel J. Pierce, of Pierce, Lydon, Griffin & Montana, of Chicago, for appellee.

JUSTICE CLARK delivered the opinion of the court:

In 1960, Lester R. Swailes, defendant and counter-plaintiff, was first elected as York Township assessor, Du Page County. Swailes has continued to hold that elected township position to date. In February of 1972, Swailes was also elected to the Du Page County Board of commissioners from the 2nd district, Du Page County. Swailes was sworn in as a county board member in April of 1972. The Du Page county board of commissioners is a 25-member body elected by district and headed by a chairman who is elected on a countywide basis.

In February of 1972, after Swailes was elected, but before he was sworn in, the Du Page County State's Attorney, William V. Hopf, requested an opinion from then Attorney General Scott as to the compatibility of the offices of township assessor and county board member. In his opinion, the Attorney General concluded that, since the two offices were in separate units of local government, there was no constitutional or statutory provision specifically stating incompatibility and there was no apparent conflict of interest between the two positions. Swailes therefore was sworn in as a county board member in April of 1972. Swailes has been continuously re-elected to both positions to date.

In November of 1980, Swailes was again elected a member of the county board. He was sworn in on December 1, 1980. On April 7, 1981, Swailes was again elected as township assessor of York Township for a four-year term to run from January 1, 1982, until January 1, 1986. The swearing in for township assessor took place on April 28, 1981.

On September 17, 1981, Public Act 82—554 became effective (1981 Ill. Laws 2789-2809). That act, which amended section 2 of "An Act in relation to the simultaneous tenure of certain public offices" (Ill. Rev. Stat. 1979, ch. 102, par. 4.11), provided in pertinent part that no person could simultaneously hold the office of county board member and the office of township assessor (Ill. Rev. Stat. 1981, ch. 102, par. 4.11).

On April 7, 1982, State's Attorney J. Michael Fitzsimmons requested that Swailes resign his position of county board member based upon Public Act 82—554. Swailes refused to resign and State's Attorney Fitzsimmons filed a complaint in the nature of *quo warranto* and for a judgment of ouster on April 14, 1982, in the circuit court of Du Page County. On June 8, 1982, Swailes filed a countercomplaint for declaratory judgment requesting that the court declare Public Act 82—554 unconstitutional.

On August 19, 1982, Public Act 82—948 became effective (1982 Ill. Laws 2284). That act, which again amended section 2, made it lawful for any township assessor in counties of *less than* 300,000 population to simultaneously hold the position of county board member. (Ill. Rev. Stat., 1982 Supp., ch. 102, par. 4.11.) Only Will, Cook, Lake, and Du Page counties, out of 102 counties in Illinois, have populations of over 300,000 persons. Public Act 82—948, to the extent that it irreconcilably conflicts with Public Act 82—554, is controlling. Section 6 of "An Act to revise the law in relation to the

construction of the statutes" provides:

> "Two or more Acts which relate to [the] same subject matter and which are enacted by the same General Assembly shall be construed together in such manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an irreconcilable conflict the act last acted upon by the General Assembly is controlling to the extent of such conflict." (Ill. Rev. Stat. 1981, ch. 1, par. 1105.)

Public Act 82—948, the last act acted upon, conflicts with Public Act 82—554 in that it provides that it is lawful to hold the two offices in question in counties of less than 300,000. Therefore, Public Act 82—948 is controlling. Since Swailes, the elected assessor of York Township, was again elected as a county board member for the 2nd district in the general election in November of 1982, Public Act 82—948, which was in effect at that time, applies to him. (See *People ex rel. Petka v. Bingle* (1983), 112 Ill. App. 3d 73.) On December 1, 1982, the county was granted leave to file an amended complaint to allege a violation of Public Act 82—948. Swailes was also granted leave on that date to file an amended countercomplaint for declaratory judgment requesting that the court declare Public Act 82—948 unconstitutional. That act is the only act that is properly before us since it repeals Public Act 82—554 by operation of law to the extent that the two acts conflict.

On December 1, 1982, both Swailes and State's Attorney Fitzsimmons had also filed motions for summary judgment. On December 2, 1982, both parties appeared to argue their motions for summary judgment. Before oral argument on the motions for summary judgment, State's Attorney Fitzsimmons was granted leave to amend his complaint to add a second count to raise the common law question of incompatibility. State's Attorney Fitzsimmons argued that, even if Public Act 82—948 was not unconstitutional, the two offices were incompatible at common law.

On that date, Swailes also asked for leave of court to file two affidavits "with respect to various factual allegations." Swailes' attorney stated: "I think that [the affidavits] may be informative for the Court and should be made part of the record." Swailes was granted leave to file the two affidavits. One affidavit was that of Charles G. Kaelin, who stated as follows: Du Page County has a population greater than 300,000. He had been the elected Winfield Township supervisor and an elected county board member since 1967. He had also been duly appointed to the position of member, board of review of Du Page County, pursuant to section 8 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 489). That appointment was made in June of 1974. At the time of the writing of the affidavit, November 29, 1982, Kaelin was chairman of the board of review. Kaelin further stated that, as a Du Page county board member, he was familiar with the powers, authority and duties imposed by law on county board members. Also, as Winfield Township supervisor he was familiar with the powers, authority and duties imposed by law on township supervisors and assessors. He stated:

"[A]ny and all business that is or may be conducted between a particular township and the county board is conducted thru the Supervisor and Board of Trustees of the township and the county board. The township assessor, as a township officer, is subject to the authority of the township trustees and would, under no circumstances known to him, have any direct or indirect governmental relationships, contractual or otherwise, with the county board of commissioners of Du Page County."

Kaelin further stated that he, as an elected county board member since 1967 and elected township supervisor since 1967, had never voted on any matter before the Du Page county board, nor was he aware of any matter that had come before the board, that either directly or indirectly related to the conduct or affairs of the various town-

ship assessors in Du Page County in general or York Township in particular.

The affidavit of the defendant, Swailes, was also admitted into evidence. In his affidavit, the defendant listed his history of office holding. He stated that he has been both the township assessor from York Township and a county board member from the 2nd District of Du Page County. He explained that prior to his first being sworn in as a county board member, the then Du Page County State's Attorney, William V. Hopf, requested a legal opinion from the Attorney General as to the compatibility of the offices of township assessor and county board member, since Swailes was township assessor and was now elected a county board member. Attorney General Scott opined that the two offices were compatible (Ill. Att'y Gen. Op. NP—408 (Mar. 8, 1972)).

Swailes stated that, since 1960, he had not known of any matter pertaining to his office as township assessor that was referred to or acted upon by the Du Page county board of commissioners. As a board member he stated that he had not had any matter presented to him for his consideration which pertained to his office of township assessor or any other township assessor in Du Page County.

Both parties then orally argued their motions for summary judgment. The trial judge took the matter under advisement and agreed to issue an order on December 3, 1982.

On December 3, 1982, without granting or denying either party's motion for summary judgment, the trial court issued an order finding the position of township assessor and county board member to be compatible.

The court also found section 2 of "An Act in relation to the simultaneous tenure of certain public offices" (Ill. Rev. Stat., 1982 Supp., ch. 102, par. 4.11) as amended by Public Act 82—948, "unconstitutional in that it create[d] an arbitrary classification unsupported by a rational basis." The

court held that article IV, section 13, of the Illinois Constitution (Ill. Const. 1970, art. IV, sec. 13) declares a prohibition against special legislation. The court stated: "Laws must be general in application and affect all members of a class equally. If there was any factual basis to support a finding of incompatibility, it would exist, by definition, in every county regardless of population."

The court also held that section 2, as amended by Public Act 82—554, even before it was amended by Public Act 82—948, improperly restricted qualifications for an office created by the Constitution and therefore was unconstitutional. The court reasoned that article XIII, section 1, of the Illinois Constitution (Ill. Const. 1970, art. XIII, sec. 1), which prohibits a person convicted of a felony, bribery, perjury or other infamous crimes from holding an office created by the Constitution, should be interpreted as an exclusive list of disqualifications for holding a seat on the county board. The court stated, "[T]o disqualify a county board member because he is a township assessor or to impose a rule that a township assessor cannot hold a county board seat would create an additional qualification to being a county board member which the legislature cannot do." The court further held that the State's Attorney was "enjoined from attempting to enforce Section 104—11 of Chapter 102 [section 2] against the defendant Lester Swailes" and that "the chairman of the Du Page County Board [was] enjoined from declaring a vacancy for the county board seat to which Lester R. Swailes was previously elected to on November 2, 1982." The county appealed the circuit court's judgment directly to this court pursuant to our Rule 302(a) (87 Ill. 2d 302(a)).

Swailes filed two affidavits to support the factual allegations in his countercomplaint and apparently in support of his motion for summary judgment.

At this juncture, we will trace the pronouncements regarding the compatibility of the two offices at issue in the

instant case. In 1972, there was no law that specifically prohibited the holding of the two offices of township assessor and county board member. In March of 1972, then Attorney General Scott opined that the two offices were compatible. (Ill. Att'y Gen. Op. No. NP—408 (Mar. 8, 1972).) He stated:

"It is rather apparent that the principal duties of county board member and township assessor are not incompatible. The duties pertain to different units of local government and are not related. Furthermore, I find no constitutional or statutory provision which specifically makes such offices incompatible and from an examination of the pertinent statutes there appears to be no conflict of interest between the duties of these offices. I am therefore of the opinion that the offices of county board member and township assessor are compatible."

In July of 1981, then Attorney General Tyrone Fahner published an opinion reaching an opposite result from that of former Attorney General Scott. (Ill. Att'y Gen. Op. No. 81—021 (July 23, 1981).) In his opinion, he stated:

"Incompatibility arises where the written law prohibits the occupant of one office from holding another or where the duties of two offices are such that a holder of one cannot, in every instance, fully and faithfully discharge the duties of the other. (*People ex rel. Myers v. Haas* (1908), 145 Ill. App. 283, 286.) There is no constitutional or statutory provision prohibiting one person from holding the offices of township assessor and county board member simultaneously. I am of the opinion, however, that the duties of the two offices conflict in a manner which would make it impossible for the holder of one to fully and faithfully, in every instance, discharge the duties of the other.

The conflict of duties with respect to the offices of township assessor and county board member arises out of the fact that, as a county board member, an assessor would have the authority to act on the appointment (Ill. Rev. Stat. 1979, ch. 120, par. 484a) and on the salary and

budget of the county supervisor of assessments. (Ill. Rev. Stat., 1980 Supp., ch. 120, par. 484b.) The supervisor of assessments, in turn, would have general supervisory authority over the township assessor, including, *inter alia*, the authority to change assessments made by the assessor. (Ill. Rev. Stat., 1980 Supp., ch. 120, pars. 484b, 576.) Dual office-holding in this circumstance would break down the statutory supervisory scheme with respect to the assessment process, and would put an assessor in a position to unduly influence an officer who is charged with monitoring his activities. Therefore, it is my opinion that the offices of township assessor and county board member are incompatible and may not be held by the same person simultaneously."

Public Act 82—554 (1981 Ill. Laws 2789, 2809), which became effective in September of 1981, provided that "[i]t [was] unlawful for any person to hold the office of county board member and the office of township assessor *** simultaneously."

Public Act 82—948 (1982 Ill. Laws 2284), which became effective in August of 1982, provides that it is only unlawful to hold the offices of township assessor and county board member in counties of more than 300,000 people.

In February of 1983, the appellate court decided the case of *People ex rel. Petka v. Bingle* (1983), 112 Ill. App. 3d 73, wherein it held that the two offices of township assessor and county board member were not incompatible in Will County, a county of over 300,000 people. The court did not, however, address Public Act 82—948 in its opinion. The court held that, since "there was no common law prohibition against Bingle's holding of the two offices, and having concluded that the only other basis for ousting him, that is Public Act 82—554, did not apply because of its prospective application after September 17, 1981, we need not reach the constitutional *** issue." 112 Ill. App. 3d 73, 80-81.

The county raises three issues in this appeal. The first

issue, whether the trial court abused its discretion in failing to order the defendant's ouster as county board member, is dependent upon the resolution of the other two issues. The other two issues are: whether the trial court erred in holding that the office of township assessor and county board member were compatible as a matter of common law, and whether the trial court erred in holding that section 2 (Ill. Rev. Stat. 1979, ch. 102, par. 4.11) as amended by Public Act 82–948 (1982 Ill. Laws 2284, Ill. Rev. Stat., 1982 Supp., ch. 102, par. 4.11) is unconstitutional.

We will first address the compatibility of the two offices of township assessor and county board member. In *People ex rel. Petka v. Bingle* (1983), 112 Ill. App. 3d 73, as we previously noted, the issue of the compatibility of the offices of township assessor and county board member was raised. In that case, the court held:

> "In short, we are simply unable to find in the duties and authority of the offices [township assessor and county board member] herein held by defendant Bingle any inherent antagonism or repugnancy such that his exercise of them would impermissibly conflict. As to the suggested undue influence potential, based upon the intermediary position of the supervisor, we find it not significant enough to conclude that the offices of township assessor and board member are incompatible. We note, too, that such potential is always present, to some degree, in the public sector, and the argument could be made that a board member, as an owner of tax-paying real estate, might use his position to unduly influence a supervisor in his assessments." 112 Ill. App. 3d 73, 79-80.

The court reasoned that the common law rule of incompatibility, in its subordination aspect, focuses upon two offices, held by the same person, where one of those offices is subordinate to the other in some important and principal duties, and subject to the other's revisory power. (112 Ill.

App. 3d 73, 78.) It held that there was no indication that the duties of Bingle as a county board member were similar to those duties imposed upon him as township assessor. (112 Ill. App. 3d 73, 78.) It found that the offices did not overlap and that a county board member did not have supervisory authority over a township assessor. (112 Ill. App. 3d 73, 78.) In *Bingle*, the county argued, as does the county in the instant case, that the incompatibility could be found in the office of township assessor by virtue of the assessor's subordination to the supervisor of assessments. The court in *Bingle* rejected this argument and held that the issue was not whether Bingle could hold the offices of county board member and supervisor of assessments, but rather whether the two offices he actually held were incompatible. The *Bingle* court held that the alleged incompatibility of county board member and township assessor by virtue of the subordination of the assessor to the supervisor of assessments was "too attenuated" (112 Ill. App. 3d 73, 78). We disagree. As the county argues in its brief, as county board member, defendant Swailes has the authority to act on the appointment of the supervisor of assessments. Section 3a of the Revenue Act of 1939 provides: "*** the office of supervisor of assessments shall be filled by appointment by the presiding officer of the county board with the advice and consent of the county board ***." (Ill. Rev. Stat. 1979, ch. 120, par. 484(a).) Swailes also has the authority, as a county board member, to act on the salary and budget of the supervisor of assessments. (Ill. Rev. Stat. 1979, ch. 120, par. 484b.) The supervisor of assessments does have supervisory authority over the township assessor. (Ill. Rev. Stat. 1979, ch. 120, par. 483.) Once the township assessor has made the assessments for his township, he must then turn the assessment books over to the supervisor of assessments (Ill. Rev. Stat. 1979, ch. 120, par. 575), and the supervisor can assess and make changes in the assessment of the property. These changes

are then subject to revision by the board of review in the same manner that original assessments are reviewed. (Ill. Rev. Stat. 1979, ch. 120, par. 576.) The defendant, as a county board member, also has the authority to act on the appointments to the board of review. Ill. Rev. Stat. 1979, ch. 120, par. 489.

We believe that, since the township assessor's position is obviously subordinate to the position of supervisor of assessments, and as a county board member defendant Swailes votes on who will be his supervisor, there may be a possible conflict and therefore hold that in Du Page County, where there is a supervisor of assessments elected by the county board, Swailes cannot hold the offices of township assessor and county board member because they are incompatible.

Whether the two offices in question are compatible in counties other than Du Page County is not an issue before us and therefore we will not address it. In view of our holding of incompatibility, it is also unnecessary for us to address the constitutional issue which has been raised.

For the foregoing reasons, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion. Swailes should have been ousted from office because he holds two incompatible public offices.

*Judgment reversed;*
*cause remanded,*
*with directions.*

JUSTICE MORAN took no part in the consideration or decision of this case.