THE PEOPLE *ex rel.* JAMES T. TEROS, State's Attorney of Rock Island County, Plaintiff-Appellee, v. RICHARD P. VERBECK, Defendant-Appellant.

Third District   No. 3—86—0813

Opinion filed April 3, 1987.

Dorothea O'Dean and Rudd & Scovil (Douglas C. Scovil, of counsel), both of Rock Island, for appellant.

James T. Teros, State's Attorney, of Rock Island, *pro se* (Dennis M. Faust, Assistant State's Attorney, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The action before us was instituted on August 21, 1986, by Rock Island County State's Attorney James Teros (the relator) in a *quo warranto* complaint seeking the ouster of defendant Richard Verbeck from his elected position as a member of the Rock Island County board. The complaint alleges that Verbeck was elected to the board in the general election of November 1982 and he continued to occupy his

position at the time the complaint was filed. On July 3, 1986, Verbeck was appointed to the position of deputy county coroner, also a position which he continued to occupy at the time the complaint was filed. The complaint further alleges that the two positions are legally incompatible and that Verbeck's acceptance of the position as deputy coroner constitutes a forfeiture of his elected position.

Verbeck answered the complaint, admitting the factual allegations, denying the legal conclusions and pleading as "affirmative defenses" that the two positions were not incompatible and, in the alternative, any incompatibility was "too attenuated *** to create any serious potential for conflicting interests." Verbeck filed requests for discovery; however, before any responses were made, the relator moved for judgment on the pleadings. The matter was heard, and on October 16, 1986, the circuit court of Rock Island County granted judgment on the pleadings in favor of the relator, holding that Verbeck's acceptance of his position as deputy coroner on July 3, 1986, operated as an automatic resignation from the county board and declaring Verbeck's county board seat vacant as of July 3, 1986.

On November 4, 1986, Verbeck was reelected to his county board seat. This fact was brought to the trial court's attention in Verbeck's motion for reconsideration and/or a stay of enforcement pending further proceedings in the circuit court or on appeal. The post-judgment motion was denied, and this appeal ensued.

In his appeal, defendant contends that the matters alleged as affirmative defenses in his answer to the complaint raise the following issues of material fact, which should have precluded the granting of judgment on the pleadings:

"1) whether or not the appointment of the deputy coroner was made by or with the consent of the county board;

2) whether or not the position of deputy coroner has its salary determined by the county board;

3) whether or not the county board has anything to do with the approval of the hiring of the position of deputy coroner;

4) whether or not there were any facts that would show that the holding of either office, or the duties inherent in either office, would prohibit defendant from, in every instance, being able to faithfully perform all the duties of the other;

5) whether or not the county board has supervisory authority over the position of deputy coroner;

6) whether or not any incompatibility exists, and if it does, whether it is so attenuated as to alleviate any serious potential for conflict of interest; and

7) whether or not the defendant, during his term as a county board member, has been appointed to, accepts or holds an office by appointment or election of the county board of which he is a member."

The relator's position, which was adopted by the trial court, is that the two offices occupied by defendant are incompatible as a matter of law.

■ Inasmuch as the granting of judgment on the pleadings deprives a litigant of an opportunity to be heard on the merits, the remedy is considered extraordinary, and such motions are not lightly granted. As recently stated in *Triangle Sign Co. v. Weber, Cohn & Riley* (1986), 149 Ill. App. 3d 839, 843, 501 N.E.2d 315, 317, "entry of judgment on the pleadings *** is proper only where the court can determine the relative rights of the parties solely from the pleadings [citations]. In making its ruling, the trial court must examine all pleadings on file—taking as true the well-pleaded facts, and reasonable inferences to be drawn therefrom, set forth in the pleadings of the party opposing the motion [citations]—to determine whether there are any material issues of fact or whether the controversy can be resolved strictly as a matter of law [citations]; and where such an examination discloses the existence of issues of material fact, the motion for judgment on the pleadings must be denied [citations]."

■■ ■ In the case before us, the question on appeal is whether, taking as true all matters well-pleaded by the defendant, the issue of common law incompatibility of defendant's two offices may be resolved on the pleadings in favor of the relator as a matter of law. Common law incompatibility may be established where defendant in one position has authority to act upon the appointment, salary and budget of his superior in a second position. (*People ex rel. Fitzsimmons v. Swailes* (1984), 101 Ill. 2d 458, 463 N.E.2d 431.) In the present case, it is undisputed that the county board is charged with the duty to fix the compensation of the county coroner within statutory limitations (Ill. Rev. Stat. 1985, ch. 53, par. 37a.1) and to provide for reasonable and necessary operating expenses for the coroner's office (Ill. Rev. Stat. 1985, ch. 34, par. 432). It is further undisputed that the deputy county coroner's compensation is fixed by the coroner, subject to budgetary limitations established by the county board. (Ill. Rev. Stat. 1985, ch. 31, par. 1.2.) Thus, under the statutory scheme, defendant's two offices are fiscally incompatible since defendant as a member of the county board has authority to act upon the salary and budget of the county coroner who, in turn, determines defendant's salary as deputy county coroner. The potential for influ-

encing his superior's salary and budget and, ultimately, his own salary, without more, renders defendant's offices incompatible.

Defendant suggests that he could resolve the inherent conflict between his two offices simply by refraining to participate in those matters brought before the county board which involve the coroner's office. This solution is not, however, a satisfactory response to legally incompatible offices. (*Rogers v. Village of Tinley Park* (1983), 116 Ill. App. 3d 437, 451 N.E.2d 1324.) As noted in *Rogers,* the public interest is not well served when a member of the county board declines to participate in areas of conflict. " '[T]he common law doctrine of incompatibility *** insure[s] that there be the appearance as well as the actuality of impartiality and undivided loyalty.' " 116 Ill. App. 3d 437, 442, 451 N.E.2d 1324, 1327 (quoting *O'Connor v. Calandrillo* (1971), 117 N.J. Super. 586, 285 A.2d 275, *aff'd* (1972), 121 N.J. Super. 135, 296 A.2d 326, *cert. denied* (1973), 62 N.J. 193, 299 A.2d 727, *cert. denied* (1973), 412 U.S. 940, 37 L. Ed. 2d 399, 93 S. Ct. 2775).

Defendant's suggestion that the incompatibility is too attenuated to present any serious potential for conflicts of interest is similarly unpersuasive. In *People ex rel. Petka v. Bingle* (1983), 112 Ill. App. 3d 73, 445 N.E.2d 941, 944, we reversed a judgment of the trial court ousting a county board member who simultaneously held the office of township assessor, finding that the common law incompatibility of the two offices was too attenuated. Subsequently, our supreme court reviewed the precise issue presented in *Bingle* when it decided *Swailes.* The supreme court in *Swailes* rejected our reasoning in *Bingle* and concluded that "since the township assessor's position is obviously subordinate to the position of supervisor of assessments, and as a county board member defendant Swailes votes on who will be his supervisor, there may be a possible conflict." (*People ex rel. Fitzsimmons v. Swailes* (1984), 101 Ill. 2d 458, 469, 463 N.E.2d 431.) Accordingly, the court held that defendant Swailes should have been ousted from his county board office on the ground of incompatibility. (101 Ill. 2d 458, 469, 463 N.E.2d 431, 436.) In this case, defendant's attenuation argument must fail as well. The possible and direct conflict inherent in defendant's county board duties of voting on his immediate supervisor's salary and the budget from which defendant's salary is fixed renders the two positions incompatible as a matter of law.

We have reviewed each of the "issues" alleged by defendant Verbeck in support of his position that he is entitled to a hearing on the facts stated in his pleadings, and we find that, even were we to resolve all of the factual allegations in his favor, defendant could not

prevail as a matter of law. Defendant's factual allegations are not material—*i.e.*, they do not alter the legal conclusion that defendant's two offices are incompatible. Clearly, the integrity of the dual officeholder is not here at issue. Rather, as in *Swailes*, it is the statutory relationship between the duties and responsibilities of the two offices, as alleged and admitted in the pleadings before us, which warrants defendant's ouster from the county board.

For the foregoing reasons, we affirm the judgment of the circuit court of Rock Island County.

Affirmed.

WOMBACHER and HEIPLE, JJ., concur.