The Honorable Jay Nixon Senator, District 22 State Capitol Building, Room 429 Jefferson City, Missouri 65101
Dear Senator Nixon:
This opinion is in response to your question asking:
 Do the provisions of section 321.017, RSMo Supp. 1991 (section 11 of 1991 Truly Agreed To CCS/HCS/SCS/SB 262) require that members of fire protection district boards and ambulance district boards holding office on August 28, 1991, who are employed by a fire protection district or ambulance district, resign as of such date, or may such members serve the remainder of their terms? If required to resign, what is the effect of their continued service on such a board after August 28, 1991?
Along with your question, you have provided the following statement of facts:
 Members of various fire protection district boards and ambulance district boards holding office as of August 28, 1991, were employed by various fire protection districts and ambulance districts. The provisions of Section 321.017, RSMo Supp. 1991, provide that such employees may not serve as members of such boards. This section was enacted during the 1991 legislative session and became effective on August 28, 1991.
As originally enacted by House Committee Substitute for Senate Substitute for Senate Bill No. 628, 79th General Assembly, Second Regular Session (1978), Section 321.015, RSMo, prohibited members of a fire protection district board of directors "holding any lucrative office or employment under this state, or any political subdivision thereof. . . ." Section321.015, RSMo 1978, created an exemption for "members of the organized militia, of the reserve corps, public school employees and notaries public."
Section 321.015, RSMo, as amended by Senate Committee Substitute for House Bill No. 924, 82nd General Assembly, Second Regular Session (1984), created an additional exemption for "fire protection districts located wholly within counties of the second, third or fourth class." House Bill No. 1149, 85th General Assembly, Second Regular Session (1990) created an additional exemption for fire protection districts "located within first class counties without a charter form of government having a population of more than one hundred ninety-eight thousand and not adjoining any other first class county."
Most recently, Section 321.015, RSMo, was amended by Senate Committee Substitute for House Bill No. 116, 86th General Assembly, First Regular Session (1991) (hereinafter sometimes referred to as "House Bill No. 116"), effective April 16, 1991. This section now reads as follows:
 321.015. No person holding any lucrative office or employment under this state, or any political subdivision thereof as defined in section 70.120, RSMo, shall hold the office of fire protection district director under this chapter. When any fire protection district director accepts any office or employment under this state or any political subdivision thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary or expenses as fire protection district director. This section shall not apply to members of the organized militia, of the reserve corps, public school employees and notaries public, or to fire protection districts located wholly within counties of the second, third or fourth class or located within first class counties not adjoining any other first class county, nor shall this section apply to any county of the first or second class not having more than nine hundred thousand inhabitants which borders any three first class counties; nor shall this section apply to any first class county without a charter form of government which adjoins both a first class county with a charter form of government with at least nine hundred thousand inhabitants, and adjoins at least four other counties. The term "lucrative office or employment" does not include receiving retirement benefits, compensation for expenses, or a stipend or per diem, in an amount not to exceed seventy-five dollars for each day of service, for service rendered to a fire protection district, the state or any political subdivision thereof.
The "Ambulance District Law" appears at Sections 190.005 to190.090, RSMo. The "Ambulance District Law" does not include a prohibition similar to that found in Section 321.015, RSMo.
Section 11 of Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 262, 86th General Assembly, First Regular Session (1991) (hereinafter sometimes referred to as "Senate Bill No. 262"), includes the following language [to be codified at Section 321.017, RSMo Supp. 1991]:
 Notwithstanding the provisions of section 321.015, RSMo, no employee of any fire protection district or ambulance district shall serve as a member of any fire district or ambulance district board while such person is employed by any fire district or ambulance district.
Section 321.017, RSMo, as enacted by Senate Bill No. 262, was effective August 28, 1991.
The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Wolff Shoe Companyv. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). In construing a statute, it is presumed the legislature was aware of the state of the law at the time of its enactment. Nicolaiv. City of St. Louis, 762 S.W.2d 423, 426 (Mo. banc 1988). Section 321.015, RSMo, was amended early in the 1991 session of the General Assembly by House Bill No. 116. It is presumed that when the General Assembly later enacted Senate Bill No. 262 in the same session, it was aware of the earlier amendment.
Section 321.017, RSMo, as enacted by Senate Bill No. 262, creates a prohibition against fire protection district and ambulance district board members being employed by a fire protection district or an ambulance district. The word "notwithstanding" has been held to mean "in spite of" or "regardless of." Missouri Pacific Railroad Company v. RentalStorage Transit Company, 524 S.W.2d 898, 908 (Mo.App. 1975). Therefore, the apparent intent of the legislature is that Section 321.017, RSMo, as enacted by Senate Bill No. 262, overrides the exceptions set out in Section 321.015, RSMo, as amended by House Bill No. 116.
In future terms of office, based on the language of Section321.017, RSMo, as enacted by Senate Bill No. 262, there is no question that members of the board of directors of ambulance districts or fire protection districts may not serve as employees of those districts.
As for those individuals who were in office as directors of an ambulance district or fire protection district on August 28, 1991, no Missouri authorities address the question of whether Section 321.017, RSMo, as enacted by Senate Bill No. 262, is to be applied to them in their current terms. Authorities from other jurisdictions are helpful.
In Myers v. Hawkins, 362 So.2d 926 (Fla. 1978), a provision preventing state legislators from practicing law before the Florida Public Service Commission was held not to apply to legislators during their current term of office if they were in office prior to the effective date of the provision.Id., 362 So.2d at 935. The court opined:
 To apply newly-created professional limitations on a part-time Florida legislator in the midst of his term of office obviously defeats expectations honestly arrived at when the office was initially sought. The office itself is not abrogated or its duties altered, of course, but the privileges of officeholding are no less impaired by curtailing' non-legislative employment opportunities than they would be if the office was made full-time and outside employment prohibited altogether. The abridgement in either case is tantamount to changing the qualifications of office."
Id., 362 So.2d at 935.
In People ex rel. Petka v. Bingle, 112 Ill. App.3d 73, 68 Ill. Dec. 297, 445 N.E.2d 941 (Ill.App. 1983), the court addressed a statute enacted by the Illinois legislature and signed into law by the Governor on September 17, 1981, prohibiting a person simultaneously holding the offices of county board member and township assessor. An individual elected to the county board on November 7, 1978, and elected township assessor on April 7, 1981, was not required to resign either position during the current terms. The court concluded nothing in the act indicated an intent to make its application retrospective. Id., 445 N.E.2d at 945-946.
Article I, Section 13 of the Constitution of Missouri provides that no law retrospective in its operation shall be enacted. Danaher v. Smith, 666 S.W.2d 452, 455 (Mo.App. 1984). As a general rule, statutes are presumed to operate prospectively "unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication."Lincoln Credit Co. v. Peach, 636 S.W.2d 31, 34 (Mo. banc 1982), appeal dismissed, 459 U.S. 1094, 103 S.Ct. 711,74 L.Ed.2d 942 (1983). Nothing in Section 321.017, RSMo, as enacted by Senate Bill No. 262, indicates an intent that it be applied retroactively.
Based on the foregoing, we conclude that Section 321.017, RSMo, as enacted by Senate Bill No. 262, does not apply during the current terms of fire protection district and ambulance district board members in office on August 28, 1991. Because of our answer, we do not address your second question.
CONCLUSION
It is the opinion of this office that Section 321.017, RSMo, as enacted by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 262, 86th General Assembly, First Regular Session (1991), does not apply during the current terms of fire protection district and ambulance district board members in office on August 28, 1991.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General