ELIZABETH OHLINGER *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF ROUND LAKE PARK, Defendant-Appellant.

Second District   No. 2—95—0146

Opinion filed October 26, 1995.—Rehearing denied November 28, 1995.

James C. Hauser, of Law Offices of Magna & Hauser, of Gurnee, for appellant.

Thomas F. McGuire and Brian A. Schroeder, both of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellees.

JUSTICE COLWELL delivered the opinion of the court:

Appellant, Village of Round Lake Park (Village), appeals the trial court's order holding the Village liable for the attorney fees that appellees, Elizabeth Ohlinger, Robert Rivera and Arnaldo Rivera, incurred in a separate cause, entitled Aleckson v. Village of Round Lake Park (Cir. Ct. Lake Co.), No. 93—MR—526 (*Aleckson*). The appellees were at one time members of the Board of Fire and Police Commissioners of the Village of Round Lake Park (Board). The plaintiffs in the *Aleckson* case sued the appellees individually and in

their official capacity as the Board for certain promotional decisions they made while on the Board. The Village argues on appeal that the trial court erred in finding that it was liable for the attorney fees that appellees incurred in defending themselves individually and in their official capacity as the Board in the *Aleckson* case. We affirm.

The following are the facts of the present case, as well as the pertinent facts of the *Aleckson* case. On November 12, 1993, the plaintiffs in the *Aleckson* case filed a three-count complaint challenging certain promotional decisions appellees made while on the Board. The appellees were no longer members of the Board at the time the *Aleckson* case was filed. The *Aleckson* complaint named as defendants: "Village of Round Lake Park, Illinois, Elizabeth Ohlinger, Robert Rivera, Arnaldo Rivera, Indiv. and in their Official Capacity as Board of Fire and Police Commissioners of The Village of Round Lake Park, Daniel R. Veit, Indiv. and in his Official Capacity as Chief of Police."

The appellees (defendants in the *Aleckson* case) were served with summons. However, the actual Board of Fire and Police Commissioners was not served with a summons, nor was any then-current member of the Board served. The Village was served with a summons, and the Village attorney appeared on its behalf. Appellees requested that the Village provide them with legal representation to defend against the *Aleckson* suit. The Village chose not to do so. Appellees engaged a private attorney to represent them in their individual capacity and in their official capacity as former members of the Board. At no time did the Village or the Board authorize appellees' attorney to represent appellees in the *Aleckson* case.

Count I of the *Aleckson* complaint sought a declaratory judgment that a promotional exam for the rank of sergeant in the Village police department, administered by the Board (which was comprised of the appellees) on November 14, 1992, was in violation of section 10—2.1—15 of the Illinois Municipal Code (Board of Fire and Police Commissioners Act) (65 ILCS 5/10—2.1—15 (West 1994)). Count II sought a declaratory judgment that a similar exam for the rank of lieutenant, administered by the Board (which was comprised of the appellees) in March or April of 1993, also violated the Board of Fire and Police Commissioners Act. Count III sought an injunction to compel the Board to conduct a lawful promotional exam and to prevent the individuals promoted pursuant to the challenged exams from accepting their promoted ranks. Appellees' attorney moved to dismiss the appellees as individuals on grounds that no relief was sought against appellees as individuals. The trial court granted this motion. Appellees' attorney did not, however, make a motion to dismiss the appellees as the former Board. The circuit court eventually dismissed the *Aleckson* case.

In the present case, appellees sued the Village for the attorney fees they incurred in the *Aleckson* case in defending themselves individually and in their official capacity as the Board. The parties filed cross-motions for summary judgment. The trial court ruled in favor of appellees on the question of liability. The trial court found that, as a matter of law, appellees were entitled to be reimbursed for the attorney fees they incurred in defending themselves individually and in their official capacity as the Board. The trial court based its ruling on section 10—2.1—25 of the Board of Fire and Police Commissioners Act (65 ILCS 5/10—2.1—25 (West 1994)) and, alternatively, on *quantum meruit.*

Appellant Village first contends that the trial court erred in finding that it was liable for the attorney fees that appellees incurred in defending themselves in their official capacity as the Board in the *Aleckson* case. The Village argues that section 10—2.1—25 of the Board of Fire and Police Commissioners Act does not contemplate an obligation on the part of the Village to provide a separate attorney for the Board where the Board and Village are codefendants in a circuit court action. According to the Village, section 10—2.1—25 of the Board of Fire and Police Commissioners Act deals only with conflicts of interest in matters heard by the Board itself. Section 10—2.1—25 of the Board of Fire and Police Commissioners Act reads:

> "§ 10—2.1—25. Attorney for Board. The municipal attorney, in the event there is a separate attorney designated as a prosecutor for such municipality, shall represent the board unless the board is authorized by the municipality to employ its own attorney, and such attorney shall handle prosecutions before the board, but in the event that the municipal attorney shall both represent the municipality and be prosecutor in such municipality, then and in such event the governing body is hereby authorized to employ an attorney of its own choosing to represent said board." 65 ILCS 5/10—2.1—25 (West 1994).

It is not clear from the language of section 10—2.1—25 whether the Village's obligation to provide legal representation to the Board is limited to actual hearings before the Board. Where interpretation is required because of an ambiguity in a statute, a reviewing court will select the construction which leads to a logical result after considering the object to be obtained and the results of various interpretations of the statute. (*Jones v. Municipal Officers Electoral Board* (1983), 112 Ill. App. 3d 926, 929.) In construing a statute so as to give effect to the intention of the legislature, a court will read the provisions of the statute as a whole in conformity with its dominating general purpose and in accordance with its practical applications.

(*Balmes v. Hiab-Foco, A.B.* (1982), 105 Ill. App. 3d 572, 574-75.) The court seeks to determine the objective of the statute and the evils intended to be remedied. (*Mueller v. Board of Fire & Police Commissioners* (1994), 267 Ill. App. 3d 726, 731.) In doing so, a court will avoid a construction which results in absurdity, inconvenience, or injustice or renders the operation of the law difficult. *Village of Spring Grove v. Doss* (1990), 202 Ill. App. 3d 858, 864.

We disagree with the Village's interpretation of section 10—2.1—25 of the Board of Fire and Police Commissioners Act. To limit the grant of legal representation contained in section 10—2.1—25 to actual hearings before local boards of fire and police commissioners would frustrate the purpose of the Board of Fire and Police Commissioners Act. The purpose of the Board of Fire and Police Commissioners Act was to provide a method by which the personnel of the fire and police departments of a city could be taken out of the realm of political patronage and given a tenure that depended upon merit. (*People ex rel. Cadell v. Board of Fire & Police Commissioners* (1952), 345 Ill. App. 415, 418.) Under the Board of Fire and Police Commissioners Act, the local boards of fire and police commissioners are responsible for hiring, promoting, disciplining, and discharging officers and members of the fire and police departments of the municipality which operate under the statute. (65 ILCS 5/10—2.1—1 *et seq.* (West 1994).) In order to fulfill the purpose of the Board of Fire and Police Commissioners Act, local boards of fire and police commissioners must be granted legal representation in court cases so that their decisions concerning the personnel of police and fire departments can be defended. Decisions of the local boards of fire and police commissioners could become meaningless if the local boards are left without legal representation to defend their decisions. We find that, when section 10—2.1—25 is read in conjunction with the Board of Fire and Police Commissioners Act as a whole and when section 10—2.1—25 is examined in accordance with the Act's general application, section 10—2.1—25 obligates the Village to provide a separate attorney for the Board where the Board and Village are codefendants in a circuit court action.

The Village argues that even if section 10—2.1—25 of the Board of Fire and Police Commissioners Act obligates it to provide a separate attorney for the Board where the Board and Village are codefendants in a circuit court action, it is not liable for the attorney fees that appellees incurred in defending themselves in their official capacity as the Board in the *Aleckson* case because the Board was never before the *Aleckson* court as the Board was never served with summons in the *Aleckson* case. Specifically, the Village argues that it is not obligated to defend appellees sued in their official capacity as the Board because appellees

were no longer members of the Board when the *Aleckson* case was filed; there is no such legal entity as a "former Board of Fire and Police Commissioners"; and the relief sought in the *Aleckson* case could not be granted against a nonexistent entity comprised of former members. According to the Village, even if the actual Board had been properly named and served, any appearance filed on its behalf would not have been on behalf of any "former Board."

We agree with the Village that there is no such legal entity as a "former Board of Fire and Police Commissioners." However, the purpose of the Board of Fire and Police Commissioners Act would be frustrated if we were to find that, since the appellees were not members of the Board at the time the *Aleckson* case was filed, the Village is not liable for the attorney fees that appellees incurred in defending decisions they made as the Board. Adopting the Village's argument would have a chilling effect on the number of people who accept appointments as commissioners of local boards of fire and police commissioners. The compensation that appellees received for being members of the Board was $10 per meeting. There would be little or no incentive for civic-minded individuals to accept appointments as commissioners of local boards of fire and police commissioners if we were to find that the Village is not obligated to provide legal representation to former board members who are sued for actions they performed as the Board. Further, we believe the above reasoning also applies to holding the Village liable for the attorney fees that appellees incurred in defending themselves in their individual capacity in the *Aleckson* case. The plaintiffs in the *Aleckson* case sued the appellees in their individual capacity for certain promotional decisions they made while on the Board. When individuals, such as appellees, are sued in their individual capacities for decisions they made while on the Board, they must respond in order to protect themselves, whether they are properly brought into that lawsuit or whether the caption of the case properly names them. Appellees properly requested that the Village provide them with legal representation to defend the decisions they made as the Board. The Village essentially turned a deaf ear to the appellees. It would be fundamentally unfair to the appellees to hold that the Village is not liable for the attorney fees they incurred in the *Aleckson* case in defending decisions they made while they served on the Board.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GEIGER and BOWMAN, JJ., concur.