JOSEPHINE A. POTTS, Plaintiff-Appellee, v. MICHAEL P. FITZGERALD *et al.*, Defendants (Du Page County Election Commission, Defendant-Appellant).

Second District   No. 2—02—0064

Opinion filed February 7, 2003.

Patrick K. Bond, Mary E. Dickson, and Timothy M. Kennedy, all of Bond, Dickson & Associates, P.C., of Wheaton, for appellant.

Ann M. Williams, of Storino, Ramello & Durkin, of Rosemont, for appellee.

JUSTICE BYRNE delivered the opinion of the court:

Defendant the Du Page County Election Commission (Commission) appeals from the circuit court's denial of its petition for reimbursement of statutory costs and fees. We affirm.

## BACKGROUND

This appeal arose from an action brought by plaintiff, Josephine A. Potts, challenging her electoral defeat for the office of park commis-

sioner for the Clarendon Hills Park District, by seeking a recount of the votes cast in an election. On April 3, 2001, three park district commissioner seats were up for election in the Clarendon Hills Park District. The three candidates running on the ballot included plaintiff and defendants Michael P. Fitzgerald and Dianne Barrett. Two additional persons, defendants Andy Smith and Mary Williams, were declared write-in candidates and did not appear on the ballot.

The Clarendon Hills Park District canvassing board (Canvassing Board) was charged with canvassing the results of the election. On April 9, 2001, the Canvassing Board certified the following results, as tabulated by the Commission:

| | |
|---|---|
| Michael Fitzgerald | 1,093 votes |
| Dianne Barrett | 700 votes |
| Josephine A. Potts | 577 votes |
| Andy Smith | 584 votes (write-in) |
| Mary Williams | 581 votes (write-in). |

Fitzgerald, Barrett, and Smith were declared elected to the office of park district commissioner, as they were the three highest vote-getters according to the results tabulated by the Commission on the night of the election. Candidates Williams and Potts were declared not elected.

On April 13, 2001, plaintiff filed a petition for a discovery recount, requesting to examine the ballots in 3 of the 12 Clarendon Hills Park District precincts. The discovery recount was conducted on April 27, 2001. The recount indicated several improperly counted votes, and plaintiff filed a petition in the circuit court contesting the election.

Following a hearing on the motions, the trial court granted an order to recount all precincts involved in the April 3, 2001, election for Clarendon Hills Park District commissioner. During the course of this recount, it was discovered that an error in tabulation was made by the Commission, which resulted in the write-in vote totals for Williams and Smith being transposed. It is undisputed that, had that error not occurred, Williams would have been credited with more votes than Smith and would have been declared elected. In addition to this error, other changes in the vote totals were made during the recount. Following the conclusion of the recount, the Commission presented a report to the trial court.

On September 12, 2001, the trial court issued an order changing the results of the election pursuant to the recount, as follows:

| | |
|---|---|
| Michael Fitzgerald | 1,093 votes |
| Dianne Barrett | 700 votes |

Josephine A. Potts     572 votes
Andy Smith     586 votes (write-in)
Mary Williams     593 votes (write-in).

Based on the trial court's order, Williams was declared one of the three winners of the election. Smith was determined not to have been elected to the office of park district commissioner.

Following the court's order changing the results of the election, the Commission filed a petition for reimbursement of costs and fees pursuant to section 23—23 of the Election Code (10 ILCS 5/23—23 (West 2000)). Plaintiff argued that, under the statute, the Commission was precluded from recouping recount costs because "someone other than the person whose election [was] contested" was declared as elected. The trial court agreed and denied the Commission's petition, finding that a reading of section 23—23 as a whole indicated that, if a recount resulted in a change in the outcome of an election, the petitioner is not required to pay costs or fees. This timely appeal followed.

## ANALYSIS

■ The fundamental issue presented by this appeal involves the construction of section 23—23, which states in relevant part:

> "Such Board of Election Commissioners or the Canvassing Board, as the case may be, shall receive such compensation for its services and such allowances for the services of its assistants and for reimbursement of expenses incurred by it as shall be approved by the court, and all such compensation and allowances when approved by the court shall be taxed and allowed as costs in such cause. The court may from time to time *** require the parties to the cause or any of them to deposit such amounts of money with the court as security for costs as the court may deem reasonable and proper.
> ***
> Any money deposited as security for costs by a petitioner contesting an election must be returned to such petitioner if the judgment of the court is to annul the election or to declare as elected someone other than the person whose election is contested." 10 ILCS 5/23—23 (West 2000).

■ Well-established principles guide us in resolving an issue of statutory construction. The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 173 (1998). To determine the legislature's intent, a court first should look to the statute's plain language and should accord the language its plain and commonly understood mean-

ing. *Department of Public Aid ex rel. Davis v. Brewer*, 183 Ill. 2d 540, 554 (1998). The court must not read into the plain language exceptions, limitations, or conditions that the legislature did not intend. The statute should be read as a whole and construed so that no word, phrase, or section is rendered meaningless or superfluous. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). An issue of statutory construction is a question of law to which we employ a *de novo* standard of review. *Brewer*, 183 Ill. 2d at 554.

The Commission contends that it is entitled to reimbursement of recount costs and expenses because the statute mandates that the Commission receive compensation for its services. The Commission asserts that this absolute right is only impaired when the trial court either annuls the election or declares as elected someone other than the person whose election is contested. The Commission believes that neither of these circumstances occurred here because plaintiff failed to achieve the result for which she petitioned and was not declared elected. In other words, the Commission asserts that reimbursement of costs and fees is contingent on the success of a petitioner's challenge and, because the results of the election did not change as to plaintiff, it is entitled to reimbursement of costs and fees.

We disagree that the reimbursement of costs and fees is based on the success of the petitioner. Rather, it is clear that the legislature intended that reimbursement is not required if the overall outcome of the election is changed by the recount. Under section 23—23, the trial court considers the issue of assessing recount expenses on a case-by-case basis, as is exhibited by the discretionary language regarding the assessment of fees and costs following a recount and the posting of a bond prior to a recount. The reimbursement provision of section 23—23, by its terms, provides explicit directions to the trial court regarding fees and costs where the outcome of the election changes as a result of a recount. As the plain language of the statute mandates, in cases where the court either annuls the election or "declare[s] as elected *someone* other than the person whose election is contested," any money deposited as security for costs must be returned. (Emphasis added.) 10 ILCS 5/23—23 (West 2000). The legislature used the term "someone" rather than "petitioner," and we must give effect to this legislative intent.

The statute does not specifically provide that costs are not to be assessed if the petitioner does not deposit security for costs. However, to impose costs in such a case would render meaningless the mandatory refund of the deposit when the results of the recount are changed. We note that, here, no bond was posted. However, if a bond had been posted, the statute mandates a refund.

Furthermore, there is no provision under section 23—23 that grants the trial court the authority to assess costs against an unsuccessful candidate in the event that a recount proves unsuccessful to a petitioner who is a noncandidate. Any voter has standing to contest an election and petition for a recount, not simply a candidate. See 10 ILCS 5/23—20 (West 2000); *Robinson v. Jones*, 186 Ill. App. 3d 82, 87 (1989). A noncandidate voter who petitions for a recount could never be deemed successful in an election recount if that success were based on whether the recount caused the petitioner to be elected. In construing a statute, the court should follow a construction of the statute that leads to a logical result and avoid one that the legislature did not contemplate. *In re Marriage of Burke*, 185 Ill. App. 3d 253, 258 (1989). Utilizing the ultimate election of the petitioner as a standard for whether costs should be assessed would lead to an illogical result.

The Commission contends that public policy considerations support its interpretation of section 23—23. The Commission asserts that, where a recount is conducted at the petitioner's request but fails to achieve the result the petitioner hopes for, the costs logically should be shifted to the petitioner. The Commission asserts that this protects taxpayers from shouldering the costs of unsuccessful recounts and forces those who protest the election counts to think twice before petitioning. The Commission points out that shifting the financial burden to the Commission gives any unsuccessful candidate in a close election the impetus to petition for a recount, which would substantially increase the filing of frivolous petitions. We disagree.

Clearly, the reimbursement provision prevents the filing of frivolous petitions. By providing that reimbursement is contingent on the outcome of the election, rather than the petitioner's desired result, the legislature intended to strike a fair and equitable balance between deterring frivolous recounts and providing an avenue for the review of election results. In those cases where the recount indicates an error in tabulation that alters the outcome of the election, the Commission logically should shoulder the expense of its mistake. On the other hand, where the recount does not change the result, the petitioner should bear the expense.

We note that the legislature has carefully contemplated and enacted a number of other statutory mechanisms to ensure that frivolous and baseless recounts are not conducted. For example, a discovery recount must be conducted before an election petition can be filed in order to determine if there is a basis for moving forward with the recount. 10 ILCS 5/22—9.1 (West 2000). Furthermore, a candidate is permitted to petition for a discovery recount only where he or she received at least 95% of the number of votes cast for the successful

candidate. 10 ILCS 5/22—9.1(a) (West 2000). Also, a court considering an election contest petition cannot order a recount unless there appears a "reasonable likelihood" that the recount will change the results of the election. 10 ILCS 5/23—23.2 (West 2000).

■ It is a cardinal rule of statutory construction that the intent and meaning of a statute are to be determined based on the entire statute, and all its sections are to be construed together in light of the general purpose and plan, the evil intended to be remedied, and the object to be obtained. *Ohlinger v. Village of Round Lake Park*, 275 Ill. App. 3d 931, 934 (1995); *Orbach v. Axelrod*, 100 Ill. App. 3d 973, 977-78 (1981). Were we to accept the Commission's interpretation of section 23—23, we would attribute a meaning to the statute other than that expressed by its language. We decline to do so. Accordingly, we find that the balance of the assessment of costs and fees is not against public policy or contrary to the objectives of the electoral process. Because the recount uncovered an election-changing mistake made by the Commission during the vote counting and resulted in a new winner being declared elected, plaintiff is not required to reimburse the Commission for costs and fees.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

HUTCHINSON, P.J., and GROMETER, J., concur.